UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

        Case No. 4:18-cv-00442-RH-CAS

    Plaintiffs,

vs.

TEAM SYSTEMS INTERNATIONAL, LLC,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO COMPEL
DEFENDANT TO PRODUCE PREVIOUSLY COMPELLED DOCUMENTS**

Plaintiffs, GPDEV, LLC and SIMONS EXPLORATION, INC., ("Plaintiffs"), by undersigned counsel and pursuant to Fed. R. Civ. P. 37 and Local Rules 7.1 and 26.1 (d), hereby move this Court for an order compelling Defendant, TEAM SYSTEMS INTERNATIONAL, LLC ("TSI" or "Defendant"), to provide documents compelled by this Court's Order [ECF 34], and state:

1. On November 29, 2018, this Court granted Plaintiffs' Motion to authorize limited discovery as to Defendant's representation that Steve Acosta ("Acosta") is a member of TSI [ECF 14], and for the Court to hold an evidentiary hearing directed to the same prior to ruling upon 28 U.S.C. 1332 diversity jurisdiction [ECF 18].

1

2. On November 30, 2018, Plaintiff electronically served its First Requests for Production on Defendant, followed by a First Amended Request on December 10, 2018. Responses to the discovery requests were due on or before January 10, 2019. *See* Fed. R. Civ. P. 33(b)(3) and 34(b).

3. Defendant filed motions for a protective order [ECF 22, 24 and 26] arguing that no discovery would be forthcoming as any request for production beyond the four documents attached to [ECF 21] and [ECF 17] is overbroad, unduly burdensome and harassing.

4. On December 21, 2018, this Court held a hearing concerning Defendant's motions for a protective and issued an Order compelling Defendant to produce documents [ECF 34].

5. Despite the Requests for Production having been served on December 10, 2018, and this Court compelling production of the requested documents on December 21, 2018, Defendant has neither furnished the compelled documents, identified which requests have no responsive documents nor requested an extension of time from this Court.

6. On January 10, 2019, undersigned counsel sent an email to Defendant's counsel, stating in part:

> Please advise as to when we can expect responses to our discovery requests—to the extent that there are documents to be produced, we would like to obtain them as soon as possible.

7. Defendant's counsel responded later that day:

> I anticipate getting whatever docs there are in the next week, and will produce them once I get them. I imagine I will email them, but I will confirm that when I have had a chance to review.

8. In an effort to resolve any discovery dispute, undersigned counsel agreed to not file a motion to compel until January 18, 2019. However, counsel for Defendant subsequently changed his position, arguing that the Court's Order compelling document production [ECF 34] did not have a deadline, so that production was purportedly due on February 10, 2019.

9. During the hearing on the Motion for Protective Order, this Court stated: "Look, you get 30 days to respond, but cooperate with each other and get this done." *See* Hearing Transcript [ECF 35, p. 22; LL. 5-6]. Plaintiffs understood this directive to mean that Defendant had 30 days from the date of the First Amended Request for Production as governed by the rules of procedure, and this Court was emphasizing that the requested basic business documents should be furnished sooner to timely complete jurisdictional discovery.

10. On January 17, 2019, Defendant filed a "Response to the Court's Order of December 21, 2018" and claimed: "Defendant fully intends to respond to

3

Plaintiffs' Requests for Production as set forth in the Court's December 21, 2018 Order on or before February 10, 2019." [ECF 36, p. 3].[1]

11. Steve Acosta is scheduled to be deposed January 31, 2018, and the compelled documents are necessary for meaningful examination. Further, as Defendant has delayed compelled production of basic, readily accessible business documents and metadata confirming their origination notwithstanding this Court's Order compelling production, it provides some pause as any underlying reason for the delay, which as this Court noted: "But I do have concerns in this case, because the description doesn't – it doesn't track what one ordinarily would expect to find."

12. Plaintiff is entitled to timely receipt and review of the compelled documents, which may prompt need for further requests or assessment of their veracity prior to both the deposition and subsequent evidentiary hearing. Defendant's actions appear directed to run the clock out on discovery without opportunity for review and follow-up. Yet, this Court said:

> *. . . Let's bring the jurisdiction in as quickly as we can get it all done*.

[ECF 35, p. 22, LL. 20-22] (e.s.).

---

[1] This Court's Order compelling production of documents does not invite responses to it, and certainly not 27 days after issuance. As has become a recurrent issue in this case, Defendant has again failed to comply with N.D. Fla. Loc. R. 7.1(B) and avoids such by filing a "response" to this Court's Order as opposed to a Motion. Plaintiffs respectfully request this Court deem Defendant's response to the Order a nullity.

4

13. Plaintiffs are needlessly and unfairly incurring further fees and costs to timely secure documents this Court already compelled and directed be furnished quickly. And, such documents are necessary to meaningfully depose Steve Acosta on January 31st. Plaintiffs respectfully request this Court compel Defendant to produce the already compelled documents immediately.

WHEREFORE, Plaintiffs' respectfully request this Court issue an Order again compelling Defendant to furnish the already-compelled documents immediately, and award reasonable expenses, including attorneys' fees, incurred in making this Motion. *See* Fed. R. Civ. P. 37(a)(4)(A).

4851-8640-9350
057177/01500

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I certify that this motion complies with the type-volume limitation set forth in Local Rule 7.1(F) because it contains 874 words, excluding the parts exempted by Local Rule 7.1(F).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to N.D. Fla. Loc. R. 7.1(B) and Fed. R. Civ. P. 37(a)(1), undersigned counsel for Plaintiffs conferred with Defendant's counsel in good faith to resolve the above-stated issues, but has been unable to do so.

Respectfully submitted this 18th day of January, 2019.

<u>s/ Leonard M. Collins</u>
M. STEPHEN TURNER, P.A. (FBN 095691)
LEONARD M. COLLINS (FBN 423210)
JOSHUA P. BRIAN (FBN 84908)
NELSON MULLINS BROAD AND CASSEL
P.O. Drawer 11300 (32302)
215 South Monroe Street, Suite 400
Tallahassee, FL  32301
Telephone: 850.681.6810
Facsimile: 850.681.9792
stephen.turner@nelsonmullins.com
leonard.collins@nelsonmullins.com
joshua.brian@nelsonmullins.com
maria.ubieta@nelsonmullins.com
cassandra.finn@nelsonmullins.com
susan.huss@nelsonmullins.com

*Attorneys for Plaintiffs, GPDEV, LLC and Simons Exploration, Inc.*

4851-8640-9350
057177/01500

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original of the foregoing has been filed through the Court's CM/ECF E-Filing system and copies served on counsel for Defendant below via this Court's electronic filing system, this 18th day of January, 2019.

Randall Leshin
Florida Bar No. 380253
RANDALL LESHIN, P.A.
1975 E. Sunrise Blvd., Ste. 504
Ft. Lauderdale, FL 33304
rleshin@leshinlawfirm.com
email@leshinlawfirm.com
Tel.: 954.941.9711; Fax: 954.941.9750

*Counsel for Defendant, Team Systems International, LLC*

                                              *s/ Leonard M. Collins*
                                              Attorney

4851-8640-9350
057177/01500