# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

    Plaintiffs,

v.                              Case No.: 4:18-cv-00442-RH-CAS

TEAM SYSTEMS INTERNATIONAL,
LLC,

    Defendant.
_____/

## TSI'S RESPONSE TO REQUEST FOR DOCUMENTS

The Defendant, Team Systems International, LLC ("TSI"), by and through its undersigned counsel, and pursuant to this court's order dated November 2, 2019 (ECF. 80), responds as follows:

**REQUEST TO PRODUCE**

1. All documents that relate to any defenses or affirmative defenses asserted in this lawsuit, to the extent not already produced by Defendant.

   **Response:** Beyond documents that would be cumulative of, or duplicative of what has already been produced, none.

2. All time records, time sheets, telephone records and any other documents that would evidence, or would potentially evidence, the amount of time spent by Team Systems International, LLC (TSI) in connection with the Consulting Agreement or the underlying agreement between TSI and FEMA.

1

**Response:** Objection. This request is not reasonably calculated to lead to the discovery of relevant evidence based upon the issues framed in the Complaint. Plaintiffs essentially testified in their depositions that the amount of time they spent connected with the Consulting Agreement is unconnected to their alleged entitlement to be paid, and TSI should not have to produce extensive phone records, text messages, or other documents that would relate to a fact that is ultimately not relevant or material to the claims raised in the Complaint. TSI further objects to the production of documents that would be cumulative, duplicative or redundant of documents previously produced given the expedited time frame to respond to this "document request".

3. All text messages, emails, voicemails, and other documents, if any, with any party (or anyone acting for a party) concerning or relating to the subject matter of this lawsuit, to the extent not already produced by Defendant.

   **Response:** Beyond documents that would be cumulative of, or duplicative of what has already been produced, none.

4. All text messages, emails, voicemails, and other documents, if any, with any non-party concerning or relating to the subject matter of this lawsuit, to the extent not already produced by Defendant.

   **Response:** Beyond documents that would be cumulative of, or duplicative of what has already been produced, none.

5. All records evidencing payment from FEMA to TSI for performance under the multiple task contact award (from FEMA to TSI) referenced in the Complaint (hereinafter referred to as "MATOC").

   **Response:** A compilation and summary of business records showing all payments from FEMA to TSI under the MATOC will be produced. TSI objects to the production of "all records" evidencing payment as being cumulative and redundant given the expedited time frame to respond to this "document request", and not proportionate to the needs of the case.

   Plaintiffs have no entitlement to view records under the Consulting Agreement other than the records specifically referenced in the

2

4835-7228-2540v1
2948614-000001 11/08/2019

Consulting Agreement that pertain to the monies paid by FEMA for water that TSI purchased from Niagara and the corresponding cost of that water, the transportation expenses to a CONUS zone (which was bundled into the price per liter paid by FEMA, and direct expenses associated therewith, if any), and the disclosure of other information (particularly without any existing protective order) would reveal confidential and proprietary supplier and pricing information that TSI reasonably fears will be used in an unfair and anti-competitive fashion.

6. All TSI records evidencing costs paid by TSI for goods sold to FEMA under the MATOC, plus costs of transportation (including shipping goods to Puerto Rico and for the use of drop trailers in Puerto Rico) and for any Direct Labor Expenses related to performance under the MATOC and contemplated by the parties' Agreement.

**Response:**

A compilation and summary of business records showing the amount of expenses and type of expenses paid by TSI in connection with the MATOC will be produced. TSI will separate those records based upon expenses "contemplated by the parties' Agreement" and those which are unrelated to the Agreement.

TSI objects to the production of "all records" evidencing payment of costs as cumulative and redundant given the expedited time frame to respond to this "document request", and not proportionate to the needs of the case.

Under the Consulting Agreement, Plaintiffs have no entitlement to view records of all expenses under the MATOC, and this type of claim is not at issue in the case given the testimony by Plaintiffs that the Consulting Agreement pertains to Niagara and that the Consulting Agreement was not the subject of an oral modification (which is the only claim in the Complaint upon which a request for non-Niagara related information could be relevant) and the disclosure of that information (particularly without any existing protective order) would reveal confidential and proprietary supplier and pricing information that TSI fears will be used in an anti-competitive manner.

3

Dated this 8th day of November, 2019.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*/s/ Kelly Overstreet Johnson*
KELLY OVERSTREET JOHNSON
Florida Bar No. 354163
E-Mail: kjohnson@bakerdonelson.com
Secondary: calford@bakerdonelson.com
Secondary: lterry@bakerdonelson.com
RUSSELL B. BUCHANAN
Florida Bar No. 55474
E-Mail: rbuchanan@bakerdonelson.com
Secondary: lterry@bakerdonelson.com
101 North Monroe Street, Suite 925
Tallahassee FL 32301
Telephone: (850) 425-7500
Fax: (850) 270-6706

HAL K. LITCHFORD
Florida Bar No. 272485
E-Mail: hlitchford@bakerdonelson.com
Secondary: rgustafson@bakerdonelson.com
Secondary: fedcts@bakerdonelson.com
200 South Orange Avenue, Suite 2900
Orlando, Florida 32801
Telephone: (407) 422-6600

and

**Randall Leshin, P.A.**

RANDALL L. LESHIN
Florida Bar No. 380253
E-Mail: rleshin@leshinlawfirm.com

4

Secondary: email@leshinlawfirm.com

1975 East Sunrise Blvd., Suite 504
Ft. Lauderdale, FL 33304
Telephone: (954) 941-9711
Fax: (954) 941-9750

Counsel for Defendant,
Team Systems International, LLC

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 8, 2019, the foregoing has been served Electronically **via E-Mail** upon the following:

M. Stephen Turner, Esq.
Leonard M. Collins, Esq.
Joshua P. Brian, Esq.
Nelson Mullins Broad and Cassel
215 S. Monroe St., Suite 400
Tallahassee, FL 32301
stephen.turner@nelsonmullins.com
maria.ubieta@nelsonmullins.com
cassandra.finn@nelsonmullins.com
leonard.collins@nelsonmullins.com
susan.huss@nelsonmullins.com
joshua.brian@nelsonmullins.com

By: *s/Kelly Overstreet Johnson*
Attorney