**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

GPDEV, LLC and
SIMONS EXPLORATION, INC.,

              Plaintiffs,

v.                                  CASE NO. 4:18cv442-RH/MAF

TEAM SYSTEMS
INTERNATIONAL, LLC,

              Defendant.

_____/

**PLAINTIFFS' MOTION FOR
ADVERSE-INFERENCE JURY INSTRUCTION AGAINST DEFENDANT**

Plaintiffs GPDEV, LLC and Simons Exploration, Inc. file this Motion for
Adverse-Inference Jury Instruction against Team Systems International, LLC
(hereinafter "Defendant" or "TSI"), and in support thereof state:

I.      **PROCEDURAL HISTORY**

1.     Over the course of this case, this Court has issued five orders
compelling document production against Defendant TSI. *See* ECF Nos. 34, 39, 93,
103, 133. Those orders are attached as Exhibit 1. The Court has awarded attorneys'
fees against TSI for failure to comply with its discovery obligations on two
occasions. As discussed below, TSI has yet again failed to comply with this Court's
orders concerning production of documents.

2.     As it relates to the issue at hand, on November 15, 2019, Plaintiffs moved to compel production, attached as Exhibit 2, of the documents described in its requests for production 5 and 6. In substance, Plaintiffs requested documents showing Defendant's revenue and specified expenses for all the transactions Plaintiffs assert are covered. *See* ECF No. 82 at 1-2 ("All records evidencing payment from FEMA to TSI for performance under the multiple task contract award (from FEMA to TSI) referenced in the Complaint (hereafter referred to as 'MATOC')" and "[a]ll TSI records evidencing costs paid by TSI for goods sold to FEMA under the MATOC, plus costs of transportation (including shipping goods to Puerto Rico and for the use of drop trailers in Puerto Rico) and for any Direct Labor Expenses related to performance under the MATOC and contemplated by the parties['] [A]greement.").

3.     After Plaintiffs moved to compel production, Defendant moved for summary judgment on November 27, 2019, to which Plaintiffs responded and Defendant replied. *See* ECF Nos. 89, 98, 101.

4.     On December 5, 2019, the Court ordered production of records of documents "to show and allow verification of all revenue, cost of goods sold, transportation expense, and direct labor expense, for the provision of Niagara water and its delivery to FEMA in Jacksonville" and documents "inconsistent with the calculation that would be made based on documents already produced," and the

Court deferred Defendant's production of records relating to water sources other than Niagara and relating to storage and transportation of water to Puerto Rico until it ruled on Defendant's summary-judgment motion. *See* ECF No. 93 at 2-3.

5. On January 10, 2020, the Court denied Defendant's summary judgment motion and compelled production by January 29, 2020 of documents "to show and allow verification of all revenue,[1] cost of goods sold, transportation expense, and direct labor expense, for the provision of water from *any source*, its storage, and its delivery to FEMA *at any location* including in Puerto Rico," and documents "inconsistent with the calculation that would be made based on documents already produced and documents to be produced." ECF No. 103 at 6 (emphasis added).

6. On January 29, 2020, Defendant produced records bates numbered TSI 444-582. However, Defendant did not produce any records to substantiate the receipt of funds from FEMA. Instead, Defendant prepared a document bates numbered TSI 448, attached as Exhibit 3, which claims that FEMA paid Defendant $27,303,597.17, despite FEMA records, attached as Exhibit 4, which show that Defendant was paid $37,579,547.81[2]—a difference of $10,275,950.64. Defendant did not provide a ledger or bank record receipts of revenue payments for amounts billed and paid.

---

[1] "All revenue includes but is not limited to payments for water, storage of water, containers, and transportation." ECF No. 103 at 6.

[2] Specifically, the FEMA records show (1) a November 15, 2017 invoice for $18,338,822.81, (2) a January 26, 2018 invoice for $7,297,500.00, (3) a March 9, 2018 invoice for $7,297,500.00, and (4) an April 15, 2019 invoice for $4,645,725.00.

7.     On February 3, 2020, Plaintiffs moved to compel production of documents and to impose attorney's fees and costs and an adverse-inference jury instruction sanction, attached as Exhibit 5, for Defendant's incomplete summary of revenues for the Hurricane Maria/Puerto Rico water order. *See* ECF No. 105. Plaintiff's motion outlined Defendant's inadequate production which was supposed to support its expenses:

     a.     Defendant produced a summary of the purported Hurricane Maria bottled water order expenses which identifies a date, a vendor, and an amount claimed to be paid, with a note from Defendant that the payment is related to the FEMA contract. The production and purported supportive documentation, bates numbered TSI 444-582, are not receipts or invoices from vendors required by the Court's January 10, 2020 order to "show and allow verification of" expenses.

     b.     The spreadsheet and transaction records provided by Defendant do not show whether an expense is reasonable or related to the Hurricane Maria/Puerto Rico order because Defendant has other business interests with vendors in Puerto Rico.

     c.     There is a $2.7-million-dollar disparity between Defendant's spreadsheet and its records.

     d.     Defendant's expenses do not appear reliable because it previously submitted a response on November 8, *see* ECF No. 87, which differs from the produced expenses as follows: (i) 19 expense line items, which total $547,744.00, were revised; (ii) 43 expense line items, which total $2,114,015.00, were revised or eliminated; and (iii) 62 of 305-line items were revised or eliminated.

     e.     Defendant only produced detailed invoices to support 4 of 305-line items listed.

     f.     98 of 305-line items have no records, invoices, or purported payment related to them.

g.	203-line items have listed expenses, but no invoice(s) or information to confirm those expenses, *see* ECF No. 105 at 5.

h.	Defendant provided canceled checks, bates numbered TSI 575-582, as support for its listed expenses, but no invoices were provided to explain the charges, and the checks themselves are ambiguous. Other expenses, bates numbered TSI 549-572, have no support but only a redacted EFT reference number with no identification of what was paid or how the payment was calculated.

8.	On February 4, 2020, the Court ordered a hearing, attached as Exhibit 6, on the motion to compel. It cautioned that "[a] party who willfully fails to comply with a court order usually comes to regret it" and "[s]o does a party who levels an unfounded allegation of failure to comply." ECF No. 107 at 1-2.

9.	On February 21, 2020, after counsel for Defendant withdrew from the case, *see* ECF Nos. 112-13, Defendant responded to Plaintiffs' motion to compel and withdrew its exhibit in question, *see* ECF No. 123. Defendant stated:

Plaintiffs point out that counsel[3] for TSI submitted a document, [Exhibit] 1 (TSI 448), which is an incomplete summary. They are correct. The summary was not evidence, it was a summary. It did not reflect all revenues from FEMA for the MATOC at issue. . . . [T]he total revenue paid under the MATOC was $37,579,547.81. As a result, TSI hereby withdraws [Exhibit] 1.

*Id.* at 2. Defendant concluded that "[v]irtually everything the plaintiffs are complaining about in their motion to compel is based on comparison to the now-

---

[3] Plaintiffs did not claim that "counsel" for TSI prepared an incomplete summary; instead, Plaintiffs stated that "*TSI* prepared an incomplete summary" and did "not contend[] that Counsel aided any false report." ECF No. 105 at 3.

withdrawn and *concededly inaccurate*, non[-]evidentiary spreadsheet that was [Exhibit] 1. The documents now speak for themselves, and plaintiffs can do the math themselves, rather than blaming TSI for not doing it accurately." *Id.* at 6 (emphasis added).

10.    On April 9, 2020, the Court compelled production and awarded attorney's fees.  The Court reminded Defendant that "[t]he order denying summary judgment and compelling production required the defendant to produce documents sufficient to show and allow verification of *all revenue*[4] *and pertinent expenses* for the provision of water from *any source*, its storage, and its delivery to FEMA at *any location* including in Puerto Rico." ECF No. 133 at 3 (emphasis added). And that "[a]ll revenue includes but is not limited to payments for water, storage of water, containers, and transportation." *Id.* (quoting ECF No. 103 at 6). "The defendant unilaterally chose not to produce documents . . . ." *Id.* at 4. "It should not have taken yet another order compelling discovery to bring about compliance." *Id.* "[T]he defendant provided a false or at least incomplete summary and refused to produce documents as required not just in response to a production request but in response to an earlier order compelling production." *Id.* at 5. As a result, the Court sanctioned

---

[4] Again, the Court noted that "[a]ll revenue includes but is not limited to payments for water, storage of water, containers, supplies, equipment, and transportation of water, containers, supplies, or equipment." ECF No. 133 at 6.

Defendant with attorney's fees and compelled production[5] by April 29, 2020 of the information that follows:

> (a) documents that are sufficient, together with documents already produced to the plaintiffs by defendant or others through discovery in this action, to show and allow verification of all revenue, costs of goods sold, transportation expense, and direct labor expense, for any transaction related in any way to any of the following: the provision to FEMA of water from any source; storage of the water; delivery of the water to Puerto Rico or any other location; containers, supplies, and equipment used in connection with the provision, storage, or transportation of the water; and the provision, storage, or transportation of any such containers, supplies, and equipment; and (b) documents, if any, inconsistent with the calculation that would be made based on documents already produced and documents to be produced under this paragraph's clause (a).

*Id.* at 6. The Court warned Defendant that it "has exhausted its ability to stonewall on issues related to revenue and expenses. Further recalcitrance will have severe consequences. The defendant should take note: the escalating sanctions for failure to make discovery may include an order taking the defendant's responsible official into custody pending compliance or a default judgment." *Id.* at 5-6.

11.     On April 23, 2020, Defendant requested reconsideration of the Court's order.  *See* ECF No. 138. On April 24, 2020, the Court denied that motion. *See* ECF No. 139.

---

[5] The Court stated that "the defendant must produce documents *as ordered*; that other documents have been produced, even in droves, is no excuse." ECF No. 133 at 2 (emphasis added).

12. Defendant did not produce the ordered documents in ECF No. 138 by April 29, 2020. While Defendant admittedly produced thousands of pages of documents, their submission included reprinting pleadings multiple times, reprinting all depositions in the case three times each, and printing the Bering Straits subpoena response and then inserting certain new documents within that filing. The production included thousands of pages of filler, including hundreds of pages that were blank but for lines that were empty with only bates numbers. While Defendant produced over twenty-two thousand pages (in hard copy, without any information concerning what the documents were, and no separation or any guidance as to the contents of the documents), in reality, Defendant produced about two thousand pages of new records, in which TSI still omitted support for many of its claimed expenses.

13. Plaintiff's Expert, Ryan Orner, relied on TSI's statement of expenses (TSI 449-458) in order to review the records to determine whether he could locate supporting documents for the claimed expenses and discuss the differences between the records produced and the claimed expenses within TSI 449-458. As discussed below, after Mr. Orner's Rule 26(a)(2) disclosure and expert report were provided to Defendant and after Defendant's counsel conducted Mr. Orner's deposition, Defendant filed ECF No. 180 and withdrew TSI 449-458.

14.     Additionally, on August 31, 2020, TSI filed a "notice to clarify" its February 21, 2020 notice of withdrawal of Exhibit 1 (TSI 448), attached as Exhibit 7. *See* ECF No. 180.  Defendant incorrectly claims that it withdrew not just TSI 448 (TSI's false revenue claim) but TSI 448-458, "an eleven page document prepared by and produced by former counsel." *Id.* at 2-3 (TSI's expense claim).  Upon review of Defendant's filing, ECF No. 123, that filing is explicitly limited to TSI 448—the document where TSI falsely claimed revenue of $27,303,597.17.  It did not relate to expenses.  Further, because Defendant's expert limited his analysis to only CLIN 002A, and because Defendant has now withdrawn its expense claim, Plaintiffs have no idea as to what Defendant claims as costs for the rest of the delivery of the supply of the bottled water to FEMA.

15.     While TSI now admits that it submitted false revenue and expense claims, the underlying records produced raise similar questions concerning fabrication. TSI has submitted checks into the record for millions of dollars of expenses.  These checks are dated in February 2018, while the water and containers were in FEMA's possession from November 2017 through April 2018.  These expenses for canceled checks bates numbered TSI 575-582 are not supported by any record produced and Plaintiffs contend that they seemingly relate to another contract that TSI has with the Defense Logistics Agency to supply fuel to the Department of Defense.

16.      Defendant's actions are fundamentally unfair and are in violation of this Court's orders. Defendant never supplemented their claimed receipts and expenses—despite their obligation to do so. Defendant used documents to support expert opinions that were not provided to Plaintiffs, despite court orders. Plaintiffs have good reason to believe that Defendant will suggest at trial that additional expenses, which have not been disclosed to date, are costs for the containers that contained bottled water that was held by FEMA as part of the supply of bottled water under the Agreement.

## II.      MEMORANDUM OF LAW

Federal Rule of Civil Procedure 37(b)(2)(A)(vi) and the Court's inherent powers serve as the basis to sanction Defendant in the matter at hand. Rule 37(b)(2)(A)(vi) states that if a party "fails to obey an order to provide or permit discovery," the court may "render[] a default judgment against the disobedient party" as one of many available sanctions. Fed. R. Civ. P. 37(b)(2)(A)(vi). As the Court warned in its April 9, 2020 order, Defendant "has exhausted its ability to stonewall on issues related to revenue and expenses" and further recalcitrance should have severe consequences such as default judgment. Since that April 9, 2020 order, Defendant has continued to stonewall on issues related to revenue and expenses. The Court has already tried less drastic sanctions—attorney's fees—twice. But that did not ensure compliance with the Court's orders.

After multiple orders compelling document production, Defendant has yet again failed to obey the Court's order to provide discovery. Specifically, Defendant fails to provide: (1) a complete replacement of its withdrawn "incomplete summary," to reflect *all* revenues from FEMA for the MATOC[6]; (2) receipts or invoices from vendors required by the Court's January 10, 2020 order to "show and allow verification of" expenses; (3) an updated spreadsheet or transaction records to show whether expenses are related to the Hurricane Maria/Puerto Rico order and not Defendant's other business interests with vendors in Puerto Rico; (4) invoices to explain the charges for ambiguous or canceled checks bates numbered TSI 575-582; and (5) the documents that Mr. Schneider admittedly did not list which he used to prepare for his deposition, the documents he admittedly did not list which he relied upon for his report, and the "custom report" Mr. Schneider used but did not list as a document that he relied upon.

## A. Motion for Adverse-Inference Jury Instruction against Defendant

Plaintiffs move for an adverse-inference jury instruction. "Federal Rule of Civil Procedure 37(b) empowers a district court to issue sanctions, including

---

[6] In *Collar v. Abalux, Inc*, the Eleventh Circuit held that the district court did not abuse its discretion by sanctioning the plaintiff's attorney for failing to correct or withdraw charts that he submitted with a motion. 806 F. App'x 860, 864 (11th Cir. 2020). Here, although Defendant withdrew the "incomplete summary," it did so only after Plaintiffs exposed the "concededly inaccurate" document. Because Defendant failed to correct the document, and because the Court has not ruled on Defendant's motion to withdraw TSI 448—or TSI 448-458—the Court should consider Defendant's lack of candor in its severity of sanctions.

providing a jury with adverse instructions, if a party 'fails to obey an order or to provide or permit discovery.'" *Higgs v. Costa Crociere S.P.A. Co.*, No. 19-10371, 2020 WL 4723739, at *5 (11th Cir. Aug. 14, 2020) (citing Fed. R. Civ. P. 37(b)(2)(A)). District courts also have the "inherent authority to issue sanctions as a punishment for bad-faith behavior." *Id.*

The Eleventh Circuit "review[s] a district court's imposition of a discovery sanction, such as [an] adverse jury instruction, for abuse of discretion, whether the sanction was imposed pursuant to Federal Rule of Civil Procedure 37 or the court's inherent power." *Id.* Discovery sanctions may be reversed only if the court "made a clear error of judgment" or "applied the wrong legal standard." *Id.* (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007)).

In *Higgs v. Costa Crociere S.P.A. Company*, a woman tripped over a bucket on a cruise ship and sustained serious injuries. *Id.* at *1. She sued the cruise company and was ultimately awarded a jury verdict of over $1 million dollars. *Id.* In the course of the trial, the plaintiff filed a motion for discovery sanctions, seeking an adverse jury instruction, because the cruise company (1) omitted from its initial disclosures the identity of a security officer who took pictures of the scene of the incident, (2) did not comply with the magistrate judge's order mandating the production of copies of those pictures, and (3) did not comply with the district judge's order requiring production of all documents related to the cruise company's investigation of the

incident. *Id.* at *2, 5. The district court granted the sanctions motion and adopted an adverse jury instruction that would permit but not require the jury to infer that earlier production of the pictures and the security officer's identity would have been unfavorable to the cruise company. *Id.* at *2. The adverse jury instruction read as follows:

> You are instructed that the Court has found that the Defendant deliberately concealed from the Plaintiff the name of a witness with direct knowledge and participation in the investigation of this matter, [the security officer]. You are also instructed that the Defendant deliberately concealed from the Plaintiff photographs of the scene which were taken within 30 days of the incident, in violation of this Court's order.
>
> You may infer that [the security officer] would have offered testimony favorable to the Plaintiff had she been produced. You may also infer that the timely production of the photographs . . . would have been unfavorable to Defendant.

*Id.* at *2-3. The district court also permitted the cruise company's counsel to voir dire the jurors to ensure they understood the instruction.

On appeal, the cruise company argued that the district court abused its discretion by reading the adverse instruction to the jury. *Id.* at *3. The Eleventh Circuit held that the court did not abuse its discretion in sanctioning the cruise company with a permissive adverse-inference instruction. *Id.* at *7. In fact, it stated that the instruction "was among the most restrained in [the district court's] arsenal." *Id.* While the district court instructed the jury that it "could, but was not required to infer" that earlier disclosure of the information would have been unfavorable to the

cruise company, the Eleventh Circuit noted that the court "could have gone further still: it could have 'direct[ed] that the matters . . . be taken as established for purposes of the action' or it could even have 'prohibit[ed] the disobedient party from supporting or opposing designated claims or defenses.'" *Id.* (quoting Fed. R. Civ. P. 37(b)(2)(A)(i), (ii)).

Here, the Court is empowered to provide the jury with an adverse-inference instruction because Defendant has repeatedly failed to obey the Court's orders, and, in turn, has repeatedly failed to provide discovery documents, as a result of its willfulness or bad faith. Worse than in *Higgs*—where the defendant omitted information from its initial disclosures, did not comply with an order to produce pictures, and did not comply with the an order to produce documents related to the defendant's investigation of the incident—here, the Court has ordered Defendant to produce documents not one time, but <u>five</u> times.

In the process, Defendant took willful or bad faith actions[7] such as—just a few examples: (1) Defendant prepared a document that FEMA paid it $27,303,597.17, despite FEMA records that Defendant was paid $37,579,547.81; (2) Defendant submitted a spreadsheet with more than $10 million dollars in claimed expenses that are not reflected in the records, then withdrew that document after

---

[7] In fact, the Court stated that "[t]he defendant *unilaterally* chose not to produce documents."

expert reports were submitted; (3) Defendant withdrew an exhibit only after it was exposed that the exhibit was "incomplete" and "did not reflect all revenues from FEMA for the MATOC at issue"; (4) Defendant now acknowledges that it provided false claimed expenses in TSI 448-458, but did not withdraw those documents until after discovery closed, Plaintiff's Rule 26(b) deadline passed, Plaintiff's expert was deposed, and Defendant's expert deposition occurred; and (5) Defendant did not list many of, or provide Plaintiffs with, the documents its expert relied upon. The Court compelled production of the already-owed documents by April 29, 2020; Defendant did not produce those already-owed documents by April 29, 2020—or at all.

Thus, Plaintiffs move for an adverse-inference jury instruction that states as follows:

> You are instructed that the Court has found that the Defendant, in violation of the Court's multiple orders, deliberately refused to produce documents to show its revenue, cost of goods sold, transportation expenses, and direct labor expenses.

> Defendant claims to now have produced documents to show and allow verification of all revenue, costs of goods sold, transportation expense, and direct labor expense, for any transaction related in any way to any of the following: the provision to FEMA of water from any source; storage of the water; delivery of the water to Puerto Rico or any other location; containers, supplies, and equipment used in connection with the provision, storage, or transportation of the water; and the provision, storage, or transportation of any such containers, supplies, and equipment.

> You may infer that no other records to support the claimed expenses exist but for the records that are before you here. You may also infer

that any other documents would have been unfavorable to the Defendant.

WHEREFORE, Plaintiffs respectfully request that such instruction be taken as established for purposes of the action, or, if not taken as established, as a permissive adverse-inference instruction.

## III. CONCLUSION

For the reasons stated above, this Court should grant the Motion and enter the requested Adverse-Inference Jury Instruction against Defendant, or an alternative version by the Court.

Respectfully submitted this 22nd day of September, 2020.

*s/ Leonard M. Collins*
LEONARD M. COLLINS (FBN 423210)
GrayRobinson P.A.
301 S. Bronough Street
Suite 600
Tallahassee, FL
Telephone: (850) 577-9090
Leonard.Collins@gray-robinson.com
madison.harrell@gray-robinson.com

and

M. Stephen Turner P.A.
215 South Monroe Street, Suite 400
Tallahassee, FL  32301
Telephone: 850.681.6810
Mstephenturner.pa@gmail.com

***Attorneys for Plaintiffs, GPDEV, LLC and Simons Exploration, Inc.***

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

In accordance with Local Rule 7.1(B), Plaintiffs certify that they have conferred with counsel for Plaintiffs in good faith regarding the substance of this Motion and the requested relief is opposed.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

In accordance with Local Rule 7.1(F), the Defendants certify that this motion and supporting memorandum contains 5,610 words. The count was done using word count on Microsoft Word and excluding the case style, signature block, and certificates of compliance and service.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 22nd day of September, 2020, by CM/ECF electronic filing to the Clerk of Court and to the following:

Randall Leshin
RANDALL LESHIN, P.A.
1975 E. Sunrise Blvd., Ste. 504
Ft. Lauderdale, FL 33304
rleshin@leshinlawfirm.com
email@leshinlawfirm.com

Wayne L. Smith
The Smith Law Firm
509 Whitehead Street
Key West, FL 33040
wsmith@thesmithlawfirm.com
court-filings@thesmithlawfirm.com

*Attorneys for Defendant, Team Systems International*

*s/ Leonard M. Collins*
Attorney

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

        Plaintiffs,

v.                                                            CASE NO. 4:18cv442-RH/CAS

TEAM SYSTEMS INTERNATIONAL,
LLC,

        Defendant.

_____/

**ORDER COMPELLING DOCUMENT PRODUCTION,
RESTRICTING DISCLOSURE AND USE OF DOCUMENTS,
<u>AND SETTING A SCHEDULE ON THE MOTION TO DISMISS</u>**

        This order confirms the ruling announced on the record of the hearing on

December 21, 2018.

        IT IS ORDERED:

        A. The defendant's motions for a protective order and sanctions, ECF

No. 22 and 26, are granted in part and denied in part.

B.  The defendant must produce documents in response to the plaintiffs' first set of production requests and amended first set of production requests only as set out in this order. This order refers to the requests by the numbers of the requests in the plaintiffs' amended set of production requests, ECF No. 26-1 at 3-4.

1. The defendant must produce the documents requested in ¶ 1 but may redact information that does not show original members or relate to who is or how one becomes a member.

2. The defendant must produce the documents requested in ¶ 2 that relate to Steve Acosta.

3. The defendant must produce the documents requested in ¶ 3.

4. The defendant must produce the documents requested in ¶ 4 that (a) describe Mr. Acosta as a member of the defendant or (b) equate membership with being an employee or consultant.

5. The defendant must produce the documents requested in ¶ 5.

6. Production of the documents requested in ¶ 6 is not compelled.

7. The defendant must produce the documents requested in ¶ 7.

8. The defendant must produce the documents requested in ¶ 8 only for payments to Mr. Acosta in accordance with his percentage membership—not payments of salary or fees for services rendered.

9. The defendant must produce the documents requested in ¶ 9 but can

redact information unrelated to Mr. Acosta's status—that is, unrelated

to whether he is a member, employee, consultant, or something else.

10. The defendant must produce the documents requested in ¶ 10.

11. The defendant must produce the documents requested in ¶ 11.

12. The plaintiffs have withdrawn the requests in ¶ 12.

C. Except as provided in paragraph D below, documents or information

produced under this order may be disclosed only to (a) attorneys of record in this

case, (b) their employees assisting in this case, and (c) if the defendant consents, to

the plaintiffs. A person to whom documents or information is disclosed must be

made aware of this order and must read it prior to receiving the documents or

information. Except as authorized by this paragraph or by paragraph D or by

further order, no one may use or disclose the documents or information. This

paragraph does not restrict the use or disclosure of the documents or information

by the defendant or anyone who obtains the documents or information other than

as a result of discovery in this case.

D. If relevant on the motion to dismiss, the plaintiffs may file documents

and may rely on information produced under this order.

E. The deadline for jurisdictional discovery is February 10, 2019.

F.  The deadline for supplemental briefs and for filing evidence on jurisdiction is February 15, 2019.

G.  An evidentiary hearing on jurisdiction is set for March 5, 2019, at 9:00 a.m. But the hearing will be canceled if, prior to that time, a ruling is entered based on the record compiled through February 15, 2019.

H.  The plaintiffs' amended motion, ECF No. 30, to extend the deadline to respond to the motion to dismiss is granted. The plaintiffs need not respond except in a supplemental brief that is due, as set out above, on February 15, 2019.

SO ORDERED on December 21, 2018.

s/Robert L. Hinkle
United States District Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

      Plaintiffs,

v.                              CASE NO. 4:18cv442-RH/CAS

TEAM SYSTEMS INTERNATIONAL,
LLC,

      Defendant.

_____/

**ORDER COMPELLING DISCOVERY
AND AWARDING ATTORNEY'S FEES**

      The plaintiffs served an amended set of production requests on December 10, 2018. The defendant moved for a protective order. After a hearing, an order was entered on December 21, 2018 compelling production of a subset of the requested documents. The order did not set a deadline for the production.

      Now, more than a month later, the defendant has not produced the requested documents. The plaintiffs have moved to compel. In response, the defendant suggests the December 21 order set February 10 as the deadline for the production.

But the order set February 10 as the deadline for all jurisdictional discovery, not as the deadline for production in response to the December 10 requests, as narrowed on December 21. There is no theory under which the defendant could properly delay the compelled production beyond January 22. This order compels the defendant to produce the documents by noon on January 28. With the approaching discovery deadline and a deposition set on January 31, the defendant's delay already has caused prejudice; any further delay would compound the problem.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney whose conduct necessitated a discovery motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, or the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Under the circumstances of this case, an award is "mandatory," and I would make an award as a matter of discretion even if an award was not mandatory. To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

For these reasons,

IT IS ORDERED:

1. The plaintiffs' motion to compel, ECF No. 37, is granted.

2. By noon on January 28, 2019, the defendant must produce to the plaintiffs all documents whose production was compelled by the December 21 order.

3. The defendant must pay the plaintiffs $800 as attorney's fees. If a party asserts that this is not the amount of fees reasonably incurred by the plaintiffs on the motion to compel, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by February 13, 2019 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

SO ORDERED on January 23, 2019.

s/Robert L. Hinkle_____
United States District Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

GPDEV, LLC and
SIMONS EXPLORATION, INC.,

       Plaintiffs,

v.                            CASE NO. 4:18cv442-RH/CAS

TEAM SYSTEMS
INTERNATIONAL, LLC,

       Defendant.

_____/


**ORDER COMPELLING DOCUMENT PRODUCTION**


      The parties entered into a contract under which the defendant agreed to pay

the plaintiffs a percentage of revenue less specified expenses on a series of

transactions. The parties disagree on the transactions covered by the agreement.

Expressed simply—perhaps too simply, but adequately for purposes of this order—

the defendant says covered transactions include only the provision of Niagara

water and its delivery to FEMA in Jacksonville. The plaintiffs say covered

transactions also include the provision of other water and delivery of all the water

to Puerto Rico. The plaintiffs have moved to compel production of the documents

described in its requests for production 5 and 6. In substance, the plaintiffs request

documents showing the defendant's revenue and specified expenses for all the transactions the plaintiffs assert are covered.

This order confirms the ruling set out on the record of the hearing on December 5, 2019. The order requires production of records for transactions the defendant says are covered, restricts use and further disclosure of the records, and defers production of records on the other transactions until a ruling is entered on the defendant's pending summary-judgment motion.

Under Federal Rule of Civil Procedure 37(a)(5)(A) and (B), the court "must" order the party that loses a discovery motion or the party's attorney or both to pay the opposing party's reasonable expenses, including attorney's fees, with three exceptions. First, a moving party cannot recover expenses if the party filed the motion before attempting in good faith to obtain the discovery without court action. Second, an award is improper if the losing party's position was "substantially justified." And third, an award is improper if "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565

(1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here each side's position was substantially justified at least in most respects. And an award of expenses would be unjust. No fees are awarded.

IT IS ORDERED:

1. The plaintiffs' motion to compel document production, ECF No. 82, is granted in part and denied in part.

2. The defendant must produce by December 19, 2019 (a) documents that are sufficient, together with documents already produced to the plaintiffs by the defendant or others through discovery in this action, to show and allow verification of all revenue, cost of goods sold, transportation expense, and direct labor expense, for the provision of Niagara water and its delivery to FEMA in Jacksonville, and (b) documents, if any, inconsistent with the calculation that would otherwise be made based on the available documents—that is, inconsistent with the calculation that would be made based on documents already produced and documents to be produced under this paragraph's clause (a).

3. Documents produced as a result of this order, and information derived from the documents, must not be used or further disclosed except as necessary to prepare and conduct this litigation. The documents and information may be disclosed only to those who need the documents or information to perform their

role in this case and who are within one of these categories: (a) attorneys of record,

(b) their employees, and (c) expert witnesses or potential expert witnesses. A

person to whom documents or information will be disclosed as a result of this

paragraph must, before receiving the documents or information, read this

paragraph and sign a statement agreeing to comply with this paragraph. The

attorney responsible for disclosing the documents or information must retain the

signed statement. Except as authorized by this paragraph or further court order, no

one may use or disclose the documents or information. This paragraph does not

restrict the use or disclosure of the documents and information by the defendant or

anyone who obtains the documents other than as a result of discovery in this case.

4. The method by which trade secrets or other confidential information will

be protected at trial will be addressed at the pretrial conference.

5. By a separate notice, the clerk must set a summary-judgment hearing for

January 8, 2020, at 10:00 a.m.

6. The deadline for the plaintiffs' response to the summary-judgment

motion, ECF No. 89, is extended to December 23, 2019. The deadline for any reply

memorandum in support of the summary-judgment motion is January 3, 2020.

7. If the summary-judgment motion is denied in whole or in part, a schedule

will be set for any further appropriate production of documents in response to the

plaintiffs' production requests 5 and 6.

SO ORDERED on December 5, 2019.

s/Robert L. Hinkle_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GPDEV, LLC and
SIMONS EXPLORATION, INC.,

      Plaintiffs,

v.                            CASE NO. 4:18cv442-RH/CAS

TEAM SYSTEMS
INTERNATIONAL, LLC,

      Defendant.

_____/

ORDER DENYING SUMMARY JUDGMENT
AND COMPELLING DOCUMENT PRODUCTION

      This is a dispute over the alleged modification of a contract between the

plaintiffs and the defendant. The plaintiffs say the contract was modified. The

defendant says it was not. The defendant has moved for summary judgment. This

order confirms the denial of the motion as announced on the record at the

conclusion of a summary-judgment hearing. This record presents a genuine factual

dispute over whether the contract was modified.

I

On a summary-judgment motion, disputes in the evidence must be resolved, and all reasonable inferences from the evidence must be drawn, in favor of the nonmoving party. The moving party must show that, when the facts are so viewed, the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A summary-judgment motion cannot be used to resolve in the moving party's favor a "genuine dispute as to any material fact." Fed. R. Civ. P. 56(a).

II

The Federal Emergency Management Agency awarded a contract to the defendant Team Systems International, LLC ("TSI") calling for TSI to supply bottled water in the aftermath of hurricanes and other emergencies. TSI in turn entered into a contract with the two plaintiffs, GPDEV, LLC ("GP") and Simons Exploration, Inc. ("Simons Exploration"), under which TSI agreed to pay each plaintiff 12.5%—a combined total of 25%—of the net income derived from the supply of water to FEMA or other federal agencies through Niagara Bottling, LLC. The contract said it could be modified only if in writing signed by all parties. But under Florida law, a contract can be modified, even orally, even when there is an only-in-writing clause. *See, e.g.*, *Energy Smart Ind., LLC v. Morning Views Hotels-*

*Beverly Hills, LLC*, 660 F. App'x 859, 863 (11th 2016); *St. Joe Corp. v. McIver*, 875 So. 2d 375, 382 (Fla. 2004).

GPDEV's principal is George Peterson. Simons Exploration's principal is Jordan Simons. TSI is controlled by Debbie Mott. Her son Christopher Mott works with her. The contracting and all the critical communications were conducted among some or all of these four.

At the outset, Mr. Peterson's and Mr. Simons's expectation, if not also the Mottses', was that all the water provided by TSI to FEMA would come from Niagara. When Hurricane Maria hit Puerto Rico, water was needed from as many sources as could be found. Ms. Mott asked Mr. Simons to get more water suppliers: "The more the better." Mr. Simons set out to find more water suppliers and succeeded in signing up Nestle Waters.

The plaintiffs now say they are entitled to 25% of the net income from water supplied through Nestle. TSI admits that Mr. Simons or an entity he controls is entitled to 12.5% of the net income on Nestle water, and indeed TSI made a 12.5% payment to a Simons entity on that basis. This shows, beyond any doubt, that the arrangement set out in the original contract was changed. TSI says, though, that the change was not a modification of the original contract but was instead a new, separate contract solely between TSI and Mr. Simons.

TSI has not explained how Mr. Peterson got cut out of the deal or how the commission rate was cut in half. On this record, a jury could find that the change was not a new and separate contract but instead a modification of the original contract—a modification under which the contract was modified to apply not only to water supplied through Niagara but also water supplied through Nestle and perhaps others brought aboard by the plaintiffs. TSI is not entitled to summary judgment on the plaintiffs' claim that the original contract was modified to extend beyond Niagara water.

### III

The contract defines net income as gross revenue reduced by cost of goods sold, transportation, and direct labor expenses. TSI says gross revenue means revenue from delivery of water to FEMA in the continental United States, not revenue derived from storage of water and from transportation of water to Puerto Rico. The record establishes without dispute that the plaintiffs worked on getting the water to Puerto Rico—not just obtaining water and having it delivered to FEMA within the continental United States.

Asked at the summary-judgment hearing what language in the contract supported TSI's continental-USA-only theory, TSI could point to none. TSI said, though, that FEMA separately priced two elements: first, water as delivered to a FEMA facility in the United States, and, second, storage of the water and its

delivery to Puerto Rico. TSI says that despite the absence of language in the contract limiting "gross revenue" to the first element—or limiting the deduction for "transportation" expense to transportation within the United States—that is what the contract means.

FEMA may indeed have separately priced these elements as TSI asserts, but the record does not confirm this. More importantly, the record does not establish, beyond genuine dispute, that TSI's reading of the contract is correct. TSI is not entitled to summary judgment on the plaintiffs' claim based on revenue derived from storage and transportation of water to Puerto Rico.

IV

An earlier discovery ruling postponed, until after a summary-judgment ruling, TSI's production of documents relating to water sources other than Niagara and relating to storage and transportation of water to Puerto Rico. That document production must now go forward. This order confirms the deadline that TSI requested and that was approved on the record of the January 8 hearing.

This order adds a deadline not announced on the record—a deadline for the plaintiffs' updated Federal Rule of Civil Procedure 26(a)(2) disclosures for their financial expert. The disclosures must be complete or, if the delay in document production has made that impossible, then as complete as possible. There is no apparent reason why the disclosures should not be complete at least for revenue

and expense related to the delivery of Niagara water in the continental United
States.

V

For these reasons,

IT IS ORDERED:

1. TSI's summary-judgment motion, ECF No. 89, is denied.

2. TSI must produce by January 29, 2020 (a) documents that are sufficient,
together with documents already produced to the plaintiffs by TSI or others
through discovery in this action, to show and allow verification of all revenue, cost
of goods sold, transportation expense, and direct labor expense, for the provision of
water from any source, its storage, and its delivery to FEMA at any location
including in Puerto Rico, and (b) documents, if any, inconsistent with the
calculation that would otherwise be made based on the available documents—that
is, inconsistent with the calculation that would be made based on documents
already produced and documents to be produced under this paragraph's clause (a).
All revenue includes but is not limited to payments for water, storage of water,
containers, and transportation.

3. Documents produced as a result of this order, and information derived
from the documents, must not be used or further disclosed except as necessary to
prepare and conduct this litigation. The documents and information may be

disclosed only to those who need the documents or information to perform their role in this case and who are within one of these categories: (a) attorneys of record, (b) their employees, and (c) expert witnesses or potential expert witnesses. The persons to whom the documents and information may be disclosed do not include Mr. Peterson, Mr. Simons, or any employee of a plaintiff, but aggregate information, not showing identities of third parties or methods or other information that might be deemed proprietary, may be discussed in general with Mr. Peterson and Mr. Simons. A person to whom documents or information will be disclosed as a result of this paragraph must, before receiving the documents or information, read this paragraph and sign a statement agreeing to comply with this paragraph. The attorney responsible for disclosing the documents or information must retain the signed statement. Except as authorized by this paragraph or further court order, no one may use or disclose the documents or information. This paragraph does not restrict the use or disclosure of the documents and information by the defendant or anyone who obtains the documents other than as a result of discovery in this case.

4. By February 11, 2020, the plaintiffs must make Federal Rule of Civil Procedure 26(a)(2) disclosures for their financial expert.

SO ORDERED on January 10, 2020.

s/Robert L. Hinkle_____
United States District Judge

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

GPDEV, LLC and
SIMONS EXPLORATION, INC.,

      Plaintiffs,

v.                                   CASE NO. 4:18cv442-RH/CAS

TEAM SYSTEMS
INTERNATIONAL, LLC,

      Defendant.

_____/

## ORDER COMPELLING DOCUMENT PRODUCTION
## AND AWARDING ATTORNEY'S FEES

The parties entered into a contract under which the defendant agreed to pay

the plaintiffs a percentage of revenue less specified expenses on a series of

transactions. The parties disagreed on the transactions covered by the agreement.

The defendant's summary-judgment motion, based on its narrow view of covered

transactions, was denied. The order denying summary judgment also compelled the

defendant to produce documents showing revenue less specified expenses for the

transactions the plaintiffs claimed were covered. This followed an earlier order to

compel the defendant to produce documents showing revenue less specified

expenses for the transactions that were covered even on the defendant's narrow view of the contract.

The plaintiffs have again moved to compel document production. The plaintiffs say that in response to the last order compelling production, the defendant provided a false summary of revenue and did not provide documents for some of the covered transactions. The plaintiffs say the defendant failed to produce sufficient documents even for transactions on which the defendant did provide documents.

In response, the defendant admits the summary was incomplete, and the defendant admits it did not provide documents for an entire category of transactions. The defendant says transactions in that category were not covered by the contract. This is much the same argument the defendant made and lost the last time around. The defendant does not address the contention that it did not provide sufficient documents even for transactions on which it did provide documents, instead saying only that it has produced thousands of documents. But the defendant must produce documents as ordered; that other documents have been produced, even in droves, is no excuse.

The first order compelling production—the order that preceded the summary-judgment ruling and thus compelled production of documents only for

transactions the defendant admitted were covered—said this about the parties' positions on covered transactions:

> Expressed simply—perhaps too simply, but adequately for purposes of this order—the defendant says covered transactions include only the provision of Niagara water and its delivery to FEMA in Jacksonville. The plaintiffs say covered transactions also include the provision of other water and delivery of all the water to Puerto Rico.

Order of Dec. 5, 2019, ECF No. 93 at 1. The order used a simple description deemed adequate for the purpose because the order assumed a high level of professionalism and good faith.

In any event, the summary-judgment arguments made clear that the plaintiffs' view of covered transactions extended not just to delivery of water and its transportation to Puerto Rico but to all aspects of the operation including storage and containers. The order denying summary judgment and compelling document production required the defendant to produce documents sufficient to show and allow verification of all revenue and pertinent expenses for the provision of water from any source, its storage, and its delivery to FEMA at any location including in Puerto Rico. And the order said this: "All revenue includes but is not limited to payments for water, storage of water, containers, and transportation." Order of Jan. 10, 2020, ECF No. 103 at 6. The order referred to containers because the plaintiffs made clear that in their view the contract extended to revenue received from FEMA in connection with the defendant's provision of containers.

The defendant unilaterally chose not to produce documents showing revenue and expenses for what it describes as "post-delivery storage and return to Jacksonville, of empty shipping containers." ECF No. 123 at 4 (emphasis omitted). The defendant says the contract does not cover these transactions. But the plaintiffs assert the contract *does* cover these transactions. The summary-judgment arguments and order made this clear. And the order compelling document production made clear that the defendant must produce documents showing the amount due based on the plaintiffs' view of covered transactions. The defendant cannot limit document production to amounts due only on the defendant's view of covered transactions. It should not have taken yet another order compelling discovery to bring about compliance.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney whose conduct necessitated a discovery motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees, unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, or the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir.

Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here the defendant's position was not substantially justified. The plaintiffs were unable, despite a good-faith attempt, to resolve the dispute without court intervention. And other circumstances do not make an award unjust. Quite the contrary—the defendant provided a false or at least incomplete summary and refused to produce documents as required not just in response to a production request but in response to an earlier order compelling production. An award of expenses thus is "mandatory," and I would make an award as a matter of discretion even if an award was not mandatory. To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

The parties have a legitimate dispute over the scope of covered transactions. It should not be difficult, though, to nail down the amounts paid by FEMA for transactions in various categories and the expenses the defendant will be entitled to deduct if a category is ultimately held to be covered. The defendant now has exhausted its ability to stonewall on issues related to revenue and expenses. Further recalcitrance will have severe consequences. The defendant should take note: the escalating sanctions for continuing failure to make discovery may include an order

taking the defendant's responsible official into custody pending compliance or a default judgment.

IT IS ORDERED:

1. The plaintiffs' motion to compel document production, ECF No. 105, is granted.

2. The defendant must produce by April 29, 2020, (a) documents that are sufficient, together with documents already produced to the plaintiffs by defendant or others through discovery in this action, to show and allow verification of all revenue, cost of goods sold, transportation expense, and direct labor expense, for any transaction related in any way to any of the following: the provision to FEMA of water from any source; storage of the water; delivery of the water to Puerto Rico or any other location; containers, supplies, and equipment used in connection with the provision, storage, or transportation of the water; and the provision, storage, or transportation of any such containers, supplies, and equipment; and (b) documents, if any, inconsistent with the calculation that would otherwise be made based on the available documents—that is, inconsistent with the calculation that would be made based on documents already produced and documents to be produced under this paragraph's clause (a). All revenue includes but is not limited to payments for water, storage of water, containers, supplies, equipment, and transportation of water, containers, supplies, or equipment.

3. The deadline may be extended by agreement or, in the absence of agreement, on a good-faith showing of inability to meet the deadline because of the covid-19 pandemic. The defendant must confer with the plaintiffs before moving for such an extension. The defendant should not invoke covid-19 concerns or practices as a pretext, and the plaintiffs should not insist on a schedule inconsistent with safe practices or with government mandated or recommended practices.

4. The defendant must pay the plaintiffs $3,000 as attorney's fees. If a party asserts that this is not the amount of fees reasonably incurred by the plaintiffs on the motion to compel, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by April 30, 2020 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

SO ORDERED on April 9, 2020.

s/Robert L. Hinkle
United States District Judge

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

GPDEV, LLC and
SIMONS EXPLORATION, INC.,

               Plaintiffs,

v.                                Case No.: 4:18-cv-00442-RH-CAS

TEAM SYSTEMS INTERNATIONAL, LLC,

               Defendant.

_____/

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND EXTEND TIME FOR DISCOVERY WITH MEMORANDUM OF LAW

Plaintiffs GPDEV LLC and Simons Exploration, Inc., move for an order compelling and extending discovery under Rules 26 and 37, and say:

1.     Plaintiffs seek the production of TSI records and the deposition of a witness who can discuss said records. *See* Plaintiffs' Second Amended Notice of Taking Deposition Duces Tecum dated October 29, 2019, scheduling the deposition at the office of TSI's law firm in Orlando for 10:00 a.m. on November 13, 2019, App. A.

2.     The Notice attaches a schedule of records to be produced, which includes the following categories, numbered 5 and 6:

(5.) All records evidencing payment from FEMA to TSI for performance under the multiple task contract award (from FEMA to TSI) referenced in the Complaint (hereafter referred to as "MATOC").

(6.) All TSI records evidencing costs paid by TSI for goods sold to FEMA under the MATOC, plus costs of transportation (including shipping goods to Puerto Rico and for the use of drop trailers in Puerto Rico) and for any Direct Labor Expenses related to performance under the MATOC and contemplated by the parties agreement.

3.     Counsel for Plaintiffs responded to an objection by TSI to produce these

records stating:

> This response is insufficient. While we understand TSI's position that somehow the consulting agreement only applies to CONUS shipments of water—we disagree. Regardless, if we are trying liability and damages together, Plaintiffs are entitled to this accounting information—payments from FEMA and expenses from TSI concerning shipment of bottled water to Puerto Rico and payments from FEMA and expenses paid by TSI for the use of drop trailers that transported bottled water in Puerto Rico. It seems that TSI's position is that even if Plaintiffs prove that TSI interpretation of the contract is incorrect, Plaintiffs must also show accounting establishing the amount of payment that is due. At the same time, TSI refuses to produce the records needed in order for Plaintiffs to make such a showing.
>
> TSI's position is fundamentally unfair as Plaintiffs would never be able to prove up damages, even if entitlement under the Contract is shown.
>
> Please advise as to whether we can resolve this issue or if the Court's intervention will be necessary.

4.     In response, Defendant's Counsel stated:

> We are providing this. Let's discuss once I get the summary from client.

5.     Mr. Mott appeared an hour late at his scheduled deposition and failed

to produce the requested records. Plaintiffs' counsel was unable to question him

concerning the requested records and information contained therein.

2

6.     The parties' contract requires TSI to pay Plaintiffs 25% of any profits TSI earns from supplying water to FEMA and other federal agencies. It also provides Plaintiffs the right to inspect TSI records. *See* Contract attached to the Complaint.

7.     The parties disagree on what transactions constitute the base on which this net profit share is determined. These issues are the focus of the liability phase, to be decided at a later stage (*i.e.*, at trial).[1]

8.     At TSI's request, the Court determined not to bifurcate the liability and damages issues. Plaintiffs must therefore prepare their case on damages now. Plaintiffs will need to show the amount of TSI's net profit from these transactions, including total revenue and costs of performance, as requested in the Notice of Deposition (Items 5 and 6), to help them show TSI's net profit from supplying water to FEMA, and enable the jury and Court to efficiently determine all issues and award all appropriate relief in one trial.

9.     Counsel reasonably understood that Mr. Mott would produce these records without further controversy. Because of his unexpected failure to produce, Plaintiffs are in need of an order compelling discovery and extending the time for discovery to allow counsel to reschedule and complete Mr. Mott's deposition with

---

[1] Specifically, they disagree on whether the base includes only water Plaintiffs procured from Niagara, or also includes water Plaintiffs procured from Nestlé (Count I). They also disagree on whether the base includes TSI's profits from FEMA payments for transporting water to FEMA's required site in Puerto Rico, and storing it in drop trailers for FEMA's distribution (Count II).

regard to these records and information therein. However, Defendant's counsel advises that Mr. Mott does not have any information concerning said records.

10.   After the deposition occurred Counsel for Defendant continued to advise that production of such documents would be forthcoming. On November 15, 2019, counsel for TSI produced a document that purports to provide a response to items 5 and 6.  However upon review of the spreadsheet provided on its face it is insufficient.  Defendant provided no backup documentation whatsoever to support its revenue or expense claims[2]. TSI should be compelled to provide responsive records that support their claimed receipts and expenses.

11.   Additionally TSI will not now agree to allow a corporate representative who can speak to the accounting records to be deposed, even if a two hour time limit is imposed on the deposition or if a restriction of the topics of the deposition is agreed to (limiting the deposition to questions concerning net income actually received from FEMA and the costs of Goods Sold + Transportation + Direct Labor Expenses and records that support such receipts and expenses).  Plaintiff is prejudiced by not

---

[2] Defendant contends that  Defendant's production of documents concerning revenue and expenses under the MATOC are "highly confidential and proprietary." Upon review of the records, they are completely nondescript, do not name vendors, and provide no support for any claims concerning or documenting either revenue or expenses. Nevertheless, in an abundance of caution, this document will be submitted to the court under separate cover under seal.

4

having an opportunity to question a TSI representative concerning these claims concerning revenue and expenses under the MATOC.

## Memorandum of Law

Rule 26(b) allows discovery "reasonably calculated to lead to the discovery of admissible evidence." *Hickman v. Taylor*, 329 U.S. 495, 506 (1947), held "the discovery provisions are to be applied as broadly and liberally as possible." *See also Donovan v. Lynn's Food Stores, Inc.*, No. 181-169, 1981 WL 2436, at *2 (S.D. Ga. Dec. 21, 1981):

> The test of relevancy, in the context of discovery, is a liberal one. … Consonant with the liberal policy, documents under a Rule 34 request to produce, need only be relevant to the subject matter of a lawsuit, …. Such documents are considered relevant if there is any possibility that they may be relevant to the subject matter of the suit…. [citations omitted]

Rule 34 permits the "broadest sweep of access" to records. *See* 8B Federal Practice and Procedure (Wright & Miller) § 2206 Scope of Discovery (3d ed.):

> Rule 34 is as broad in scope as any of the discovery devices and is in all respects an essential part of a liberal and integrated scheme for the full disclosure of relevant information between the parties that will facilitate the prompt and just disposition of their litigation. The rule authorizes the broadest sweep of access, inspection, examination, testing, sampling, copying, and photographing of documents, electronically stored information, or objects in the possession or control of another party. [footnote citations omitted]

Under these authorities, TSI has no basis to refuse to produce the requested records.

TSI's actions here are particularly unfair, because TSI successfully urged the Court not to bifurcate, forcing Plaintiffs to quickly complete damages discovery. Plaintiffs' counsel was led to believe that Mr. Mott would produce the requested records. But at deposition, TSI counsel stated an objection for the first time that TSI had not formally designated Mr. Mott as its "corporate representative." This is not required. Mr. Mott is a members who owns and operates TSI.[3] He represents TSI in every practical and legal way. He has control of the records and could easily have complied with the requested production. Further, Plaintiffs would agree to depose Ms. Mott instead.

A court may compel a corporate officer to produce corporate records in his control, even if a subpoena names him individually. *See McPhaul v. United States*, 364 U.S. 372 (1960), holding McPhaul must produce organization records under a Congressional subpoena naming him individually. McPhaul objected that the subpoena did not name him in a capacity as executive secretary or member of the organization, *id.* at 376-77 and n. 3, but that objection did not merit any relief. *See also Sergeeva v. Tripleton Int'l Ltd.,* 834 F.3d 1194, 1201 (11th Cir. 2016) ("'control' for purposes of discovery is 'the legal right to obtain the documents requested on demand,'" and may be established where corporate affiliates share information).

---

[3] Each LLC member has the right to access the requested records. *See, e.g.*, Fla. Stat. § 605.0410.

6

Under Rule 30, incorporating Rule 34, a party may depose and require records production by notice or subpoena. Here TSI produced Mr. Mott by notice, and assured Plaintiffs that he would produce the requested records. Any formality objection (which could easily have been resolved if raised before) was waived.

### Conclusion

The Court should grant the Motion and award relief as follows:

(a) Require a corporate representative to appear for deposition with the requested records.

(b) Extend the time for close of discovery to allow Plaintiffs to complete this deposition and require all parties to cooperate in scheduling and completing the deposition.

(c) Award such other relief as may be appropriate.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I certify that this motion complies with the type-volume limitation set forth in Local Rule 7.1(F) because it contains 1,564 words, excluding the parts exempted by Local Rule 7.1(F).

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)

Pursuant to N.D. Fla. Loc. R. 7.1(B) and Fed. R. Civ. P. 37(a)(1), undersigned counsel for Plaintiffs conferred with Defendant's counsel in good faith in an effort to resolve the issues herein, but could not avoid presenting this issue to the Court.

Respectfully submitted this 15th day of November, 2019.

*s/ Leonard M. Collins*
M. STEPHEN TURNER, P.A. (FBN 095691)
LEONARD M. COLLINS (FBN 423210)
NELSON MULLINS BROAD AND CASSEL
P.O. Drawer 11300 (32302)
215 South Monroe Street, Suite 400
Tallahassee, FL  32301
Telephone: 850.681.6810
Facsimile: 850.681.9792
stephen.turner@nelsonmullins.com
leonard.collins@nelsonmullins.com
maria.ubieta@nelsonmullins.com
cassandra.finn@nelsonmullins.com
ellen.ethridge@nelsonmullins.com

***Attorneys for Plaintiffs, GPDEV, LLC and Simons Exploration, Inc.***

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been filed through the Court's CM/ECF E-Filing system and copies served on counsel for Defendant below via this Court's electronic filing system, this 15th day of November, 2019.

Randall Leshin
RANDALL LESHIN, P.A.
1975 E. Sunrise Blvd., Ste. 504
Ft. Lauderdale, FL 33304
rleshin@leshinlawfirm.com
email@leshinlawfirm.com

Hal K. Litchford
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
200 S. Orange Ave., Suite 2900
Orlando, FL 32801
hlitchford@bakerdonelson.com
fedcts@bakerdonelson.com

Kelly Overstreet Johnson
Russel B. Buchanan
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
101 N. Monroe Street, Suite 925
Tallahassee, FL 32301
kjohnson@bakerdonelson.com
rbuchanan@bakerdonelson.com
calford@bakerdonelson.com
lterry@bakerdonelson.com

**_Attorneys for Defendant, Team Systems International_**

_s/ Leonard M. Collins_
Attorney

# App. A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

     Plaintiffs,

v.                                **Case No.: 4:18-cv-00442-RH-CAS**

TEAM SYSTEMS INTERNATIONAL,
LLC,

     Defendant.

_____/

## <u>SECOND AMENDED NOTICE OF TAKING DEPOSITION DUCES TECUM OF CHRISTOPHER MOTT</u>

TO:  Kelly Overstreet Johnson
      Russell B. Buchanan
      Baker Donelson Bearman Caldwell & Berkowitz, PC
      101 N. Monroe Street, Suite 925
      Tallahassee, FL 32301

PLEASE TAKE NOTICE that on **Wednesday, November 13, 2019 at 10:00 a.m. (Eastern),** Plaintiffs GPDEV, LLC and SIMONS EXPLORATION, INC., will take the deposition of **Christopher Mott**. The deposition will take place at the offices of **Baker Donelson Bearman Caldwell & Berkowitz, PC, SunTrust Center, 200 S. Orange Avenue, Suite 2900, Orlando, FL 32801**. The deposition will be taken upon oral examination before a Court Reporter or other officer authorized by law to take depositions in the State of Florida and will continue from day to day until

1

completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the applicable and governing rules.

**The witness is hereby requested to produce the records, documents and things which are the subject matter of the Schedule A attached hereto.**

**Please be governed accordingly.**

Dated this 29th day of October 2019.

*s/ Leonard M. Collins*
M. STEPHEN TURNER
Florida Bar No. 095691
LEONARD M. COLLINS
Florida Bar No. 423210
NELSON MULLINS BROAD AND CASSEL
215 South Monroe Street, Suite 400
Tallahassee, Florida 32301
Tel 850-681-6810; Fax 850-681-9792
stephen.turner@nelsonmullins.com
leonard.collins@nelsonmullins.com
maria.ubieta@nelsonmullins.com
cassandra.finn@nelsonmullins.com
ellen.ethridge@nelsonmullins.com
*Attorneys for Plaintiffs, GPDEV, LLC and*
*Simons Exploration, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served by E-Mail on counsel listed below, this 29th day of October 2019.

Randall Leshin
RANDALL LESHIN, P.A. 1975
E. Sunrise Blvd., Suite 504 Ft.
Lauderdale, FL 33304
rleshin@leshinlawfirm.com
email@leshinlawfirm.com

Hal K. Litchford
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
200 S. Orange Ave., Suite 2900
Orlando, FL 32801
hlitchford@bakerdonelson.com
fedcts@bakerdonelson.com

Kelly Overstreet Johnson
Russel B. Buchanan
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
101 N. Monroe Street, Suite 925
Tallahassee, FL 32301
kjohnson@bakerdonelson.com
rbuchanan@bakerdonelson.com
calford@bakerdonelson.com
lterry@bakerdonelson.com

*Attorneys for Defendant, Team Systems International, LLC*

*s/ Leonard M. Collins*
Attorney

## <u>Schedule A</u>

1.      All documents that relate to any defenses or affirmative defenses asserted in this lawsuit, to the extent not already produced by Defendant.

2.      All time records, time sheets, telephone records and any other documents that would evidence, or would potentially evidence, the amount of time spent by Team Systems International, LLC (TSI) in connection with the Consulting Agreement or the underlying agreement between TSI and FEMA.

3.      All text messages, emails, voicemails, and other documents, if any, with any party (or anyone acting for a party) concerning or relating to the subject matter of this lawsuit, to the extent not already produced by Defendant.

4.      All text messages, emails, voicemails, and other documents, if any, with any non-party concerning or relating to the subject matter of this lawsuit, to the extent not already produced by Defendant.

5.      All records evidencing payment from FEMA to TSI for performance under the multiple task contract award (from FEMA to TSI) referenced in the Complaint (hereinafter referred to as "MATOC").

6.      All TSI records evidencing costs paid by TSI for goods sold to FEMA under the MATOC, plus costs of transportation (including shipping goods to Puerto Rico and for the use of drop trailers in Puerto Rico) and for any Direct Labor Expenses related to performance under the MATOC and contemplated by the parties agreement.

# EXHIBIT 3

**Monies Paid by FEMA to TSI Under MATOC**

| Date | Amount | Description | |
|------|--------|-------------|---|
| 11/29/2017 | $ 9,359,280.00 | Water+Delivery to Zone 1 @75 cents per liter x 12,479,040 liters | CLIN 0002AA |
| 11/29/2017 | $ 8,979,572.37 | Delivery from Zone 1 to Puerto Rico | CLIN 0003 |
| 04/21/2019 | $ 4,319,019.80 | Payment for Lost Containers/Delayed Return of Containers | CLIN 0016 |
| 08/21/2019 | $ 4,645,725.00 | Payment for Lost Containers/Delayed Return of Containers | CLIN 0016 |
| | | | |
| | $ 27,303,597.17 | **Total Amount Received to Date by TSI from FEMA Under MATOC** | |

Attorney's Eyes Only

# EXHIBIT 4

In Re:   4:18-cv00442-RH-CAS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF FLORIDA

BUSINESS RECORD CERTIFICATION

I, LaShawn Smith, hereby certify that I have personal knowledge of the business filing records system of the business known as the Department of Homeland Security (DHS), Federal Emergency Management Agency (FEMA), Office of the Chief Procurement Officer (OCPO), located at the following address: 500 C. St., SW, Washington, DC 20024.  I have reviewed the attached business records, described briefly as follows:  screenshots of each invoice paid for Contract No. HSFE70-17-D-0021, Task Order Nos. HSFE70-17-J-0273 and 70FB7018F00000290, and I certify that these business records were taken from the ordinary business records of the entity named herein.  I certify further that based upon my review of these records:

    (A)    the records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    (B)    the records were kept in the course of the regularly conducted activity of the above-named business entity; and

    (C)    the records were made by the regularly conducted activity as a regular practice.

In accordance with Title 28, United States Code, Section 1746, I declare, certify, verify, and state under the penalty of perjury that the foregoing is true and correct.

Executed this 22nd day of January, 2020.

LASHAWN L SMITH

Digitally signed by LASHAWN L SMITH
Date: 2020.01.22 09:06:12 -05'00'

_____
(Signature)                                    Date

_____
(Title)

Modifying existing entry

IFMIS Invoice - Modify                                    (C) DSG, Inc.

Vendor V00120773   Invoice                    1/0273              CT# R-18-I-02393

Payee              Vendor Name TEAM SYSTEMS INTERNATIONAL LLC            1099  00

CCR Exempt N >            Sch                Check
                    Voucher      Type CCD   Nbr 03443296   PAID

Suspend   Approver ANF   Code        Approved 11/28/17   Entered 11/28/17

Document Type INVOICE        Invoice Date 11/13/17    Invoice Recvd    11/15/17  11/15/17

CM              OB CN-17-002231                Effective Date  09/28/17  09/28/17

AD              RR                             Goods Received   11/07/17  11/07/17

        Inspection Report                     Goods Accepted   11/15/17  11/15/17

                                              Discount              0.00

Schedule by 11/28/17  Due by  11/29/17        Interest               0.00

Scheduled on 11/28/17 Paid on 11/29/17        Penalty                0.00

Pay Amt    18,338,822.81                       Invoice       18,338,822.81

Prepaid         0.00                           Freight               0.00

Sch Amt    18,338,822.81 PAY                   Disallow              0.00

                                               Approved      18,338,822.81

Disc Terms 00 Disc Rate 00.000 Days  0 Net  0 Date    Lost Reason  -

           Int Rate 0.000000 Days 0  Account Period 4 Trans Code   Date    Late Reason  -

Comment                                                Treas Symbol

Trans Date 01/15/20  Account Period 4 Trans Code

REC  COMM  VER  REVHLD  ADDR  SAVE  ACCS  HOLD  OP-CL  EXIT

                                               FEMA 000240

```
Modifying existing entry
  IFMIS Invoice - Modify                                          (C) DSG, Inc.
 Vendor V00120773    Invoice    TS0273-2            CT# R-18-I-05276
 Payee           Vendor Name TEAM SYSTEMS INTERNATIONAL LLC              1099  00
 CCR Exempt N >          Sch                 Check
 Suspend    Voucher      Type CCD    Nbr 01168403    PAID
         Approver ARJ    Code     Approved 02/06/18    Entered 02/06/18

 Document Type INVOICE       Invoice Date 01/26/18   Invoice Recvd   01/26/18  01/26/18
          CM         OB CN-17-002231                 Effective Date  09/28/17  09/28/17
          AD         RR                              Goods Received  11/06/17  01/06/18
              Inspection Report                      Goods Accepted  01/26/18  01/26/18
                                                     Discount            0.00
                                                     Interest            0.00
 Schedule by  02/07/18 Due by  02/08/18              Penalty             0.00
 Scheduled on 02/07/18 Paid on 02/08/18              Invoice     7,297,500.00
 Pay Amt    7,297,500.00    0 Net     0 Date         Freight             0.00
 Prepaid         0.00                  Date          Disallow            0.00
 Sch Amt    7,297,500.00 PAY                         Approved    7,297,500.00

 Disc Terms 00 Disc Rate 00.000 Days   0 Net  0 Date       Lost Reason  - -
            Int Rate 0.000000 Days 0                       Late Reason  - -
 Comment                 Account Period  4  Trans Code             Treas Symbol
 Trans Date 01/15/20

 REC  COMM  VER  REVHLD  ADDR  SAVE  ACCS  HOLD            OP-CL
                                                          EXIT

                                                    FEMA 000241
```

Modifying existing entry

IFMIS Invoice - Modify                                                          (C) DSG, Inc.

Vendor V00120773  Invoice  TSI-0273-3           CT# R-18-I-08619

Payee            Vendor Name TEAM SYSTEMS INTERNATIONAL LLC              1099  00

CCR Exempt N ▼                              Sch                    Check

Suspend    Voucher       Type CCD   Sch CD004577 116   Nbr 01798290   PAID

Approver JSD   Code       Approved 04/13/18       Entered 04/13/18

Document Type INVOICE      Invoice Date 03/09/18   Invoice Recvd  03/09/18  03/09/18

CM                 OB                                Effective Date 09/28/17  09/28/17

AD                 RR                                Goods Received 01/07/18  03/07/18

      Inspection Report                            Goods Accepted 03/09/18  03/09/18

                                                    Discount            0.00

Schedule by  04/08/18 Due by  04/09/18      PAID    Interest        3,724.77

Scheduled on 04/13/18 Paid on 04/16/18              Penalty             0.00

Pay Amt      7,301,224.77                            Invoice     7,297,500.00

Prepaid          0.00                                Freight             0.00

Sch Amt      7,301,224.77 PAY                        Disallow            0.00

                                                    Approved    7,297,500.00

Disc Terms 01 Disc Rate 00.000 Days  0 Net  30 Date          Lost Reason  -  ▶

           Int Rate 0.026250 Days  7          Date -04/10/18 Late Reason C-  ▶

Comment                                             Treas Symbol

Trans Date 01/15/20 Account Period  4  Trans Code

REC  COMM  VER  REVHLD  ADDR  SAVE  ACCS  HOLD                     OP-CL  EXIT

                                                    FEMA 000242

Modifying existing entry

IFMIS Invoice - Modify                                                (C) DSG, Inc.

Vendor V0012O773   Invoice      TSI-0273-4              CT# R-19-I-10439

Payee              Vendor Name TEAM SYSTEMS INTERNATIONAL LLC          1099  00

CCR Exempt  N >        Sch                  Check

Suspend     Voucher      Type CCD   Sch CD004863 123  Nbr 02679789  PAID

Approver LIL   Code       Approved 05/20/19    Entered 05/09/19

Document Type INVOICE    Invoice Date 02/04/19   Invoice Recvd   04/15/19  04/15/19

CM                OB                              Effective Date  09/28/17  09/28/17

AD                RR                              Goods Received  03/08/18  07/07/18

        Inspection Report                         Goods Accepted  04/15/19  04/15/19

                                                  Discount               0.00

                                                  Interest               0.00

Schedule by   05/20/19  Due by   05/21/19         Penalty                0.00

Scheduled on  05/20/19  Paid on  05/21/19         Invoice        4,645,725.00

Pay Amt      4,645,725.00                          Freight                0.00

Prepaid             0.00                           Disallow               0.00

Sch Amt      4,645,725.00 PAY                      Approved       4,645,725.00

Disc Terms 00 Disc Rate 00.000 Days  0 Net  0 Date        Lost Reason  -  >

           Int Rate 0.000000 Days 0                    Date  Late Reason  -  >

Comment

Trans Date  01/15/20  Account Period  4  Trans Code        Treas Symbol

REC  COMM  VER  REVHLD  ADDR  SAVE  ACCS  HOLD  OP-CL  EXIT

                                               FEMA 000243

# EXHIBIT 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GPDEV, LLC and
SIMONS EXPLORATION, INC.,

               Plaintiffs,

v.                                 Case No.: 4:18-cv-00442-RH-CAS

TEAM SYSTEMS INTERNATIONAL, LLC,

               Defendant.

_____/

**PLAINTIFFS' MOTION TO COMPEL RECORDS PRODUCTION,
IMPOSE SANCTIONS, INCLUDING ADVERSE INFERENCE
INSTRUCTION, AND EXTEND PRETRIAL DEADLINES**

     Plaintiffs GPDEV LLC and Simons Exploration, Inc. move for an order compelling records discovery, imposing sanctions, and extending pretrial deadlines, including financial expert calculation disclosure, and say:

     1.    This court initially compelled Defendant (Dkt 93) to produce: (a) documents that are sufficient, together with documents already produced to the plaintiffs by the defendant or others through discovery in this action, to show and allow verification of all revenue, cost of goods sold, transportation expense and direct labor expense, for the provision of Niagara water and its delivery to FEMA in Jacksonville; (b) documents, if any, inconsistent with the calculation that would otherwise be made based on the available documents-that is, inconsistent with the

calculation that would be made based on documents already produced and documents to be produced under this paragraph's clause (a). On December 19, 2019, Defendant produced records bates numbered TSI 250-443.

2.     This Court as of January 8, 2020, by its order, January 20, 2020, compelled Defendant to produce documents relating to water sources other than Niagara and relating to storage and transportation of water to Puerto Rico. On January 29, 2020, Defendant produced records bates numbered TSI 444-582.

3.     Upon review of the records produced, it is apparent that Defendant's production fails to conform to this Court's orders on the Motion to Compel.

4.     Defendant produced no records substantiating the receipt of funds from FEMA. Instead, Defendant prepared a document (TSI 448, attached as Exhibit 1), which claims that FEMA paid TSI twenty-seven million, three hundred three thousand, five hundred ninety-seven dollars and seventeen cents ($27,303,597.17), even though recently obtained FEMA records (FEMA 240-243, attached as Exhibit 2) established that TSI was paid thirty-seven million, five hundred seventy-nine thousand, five hundred forty-seven dollars and eighty-one cents ($37,579,547.81) (a difference of $10,275,950.64).

5.     Further, pursuant to FEMA records, TSI submitted invoices for the following amounts: (1) eighteen million, three hundred thirty-eight thousand, eight hundred twenty-two dollars and eighty-one cents ($18,338,822.81) on November 15,

2017; (2) seven million, two hundred ninety-seven thousand, five hundred dollars ($7,297,500) on January 26, 2018; (3) seven million, two hundred ninety-seven thousand, five hundred dollars ($7,297,500) on March 9, 2018; and (4) four million, six hundred forty-five thousand, seven hundred twenty-five dollars ($4,645,725.00) on April 15, 2019. (See FEMA 240-243.) The total amount of the invoices TSI submitted to FEMA is $37,579,547.81. This confirms the correct payment amount, i.e. revenue paid to TSI for the Hurricane Maria/Puerto Rico bottled water order.

6.      TSI provided no ledger or bank record receipts of revenue payments for amounts billed and paid. The Court should compel production of TSI invoices to FEMA and revenue receipt records in full.

7.      It appears that TSI prepared an incomplete summary of revenues for the Hurricane Maria/Puerto Rico water order (presently at issue for damage claim, other orders not being yet at issue), to frustrate Plaintiffs' claim for its share of those "net profits." The Court should thus sanction Defendant by awarding attorney fees and costs for the Motion to Compel against Defendant. (It is not contended that Counsel aided any false report).

8.      TSI's production to support its expenses is inadequate for the following reasons:

    A. Defendant produced a summary listing of purported Hurricane Maria bottled water order expenses that identify a date, a vendor, and an amount that is claimed to be paid and a note from Defendant claiming that the payment is related to this FEMA contract. This

3

production and the purported supportive documentation, being bates numbered TSI 544-582, are not receipts or invoices from vendors, even though the Court's Order provides that Plaintiffs must be able to evaluate the validity of the charge;

B. The submitted spreadsheet and transaction records provided do not allow determination whether an expense is reasonable or related to the Hurricane Maria/Puerto Rico order (TSI has other business interests with Puerto Rico vendors);

C. There is a 2.7-million-dollar disparity between the spreadsheet provided by TSI and the records TSI has provided in support to support its claim;

D. TSI's expense claim listing does not appear to be reliable in that TSI previously submitted a response to this discovery request on November 8, 2019-See Dkt 87 filed under seal. The November 8th listing differs from the produced listing of expenses provided to the response to the Order to Compel in the following ways:

   1. 19 Expense Line Items (totaling $547,744) are revised documentation;

   2. 43 Expense Line Items (totaling $2,114,015) were eliminated;

   3. 62 of 305-line items (20.3% of the total) were revised or eliminated;

E. TSI only produced Detailed Invoices supporting 4 of 305-line items listed;

F. 98 of 305-line items listed have no records related to them at all, neither invoices, or purported payment record;

G. 203-line items have expenses listed, but no invoice(s) or any information to confirm the legitimacy of the claimed expense. Including the following:

4

1. No detailed invoices or records supporting expenses for Vendor #1[1], being 133 lines items, totaling $1,698,679;

2. No detailed invoices or records supporting expenses for Vendor #2, 1-line item, totaling $588,000;

3. No detailed invoices or records supporting expenses for Vendor #3, 4 lines items, totaling $944,553;

4. No detailed invoices or records supporting any Vendor #4, 33 lines items, totaling $536,986;

5. No detailed invoices or records supporting expenses for Vendor #5, 38 lines items, totaling $2,094,238;

6. Detailed invoices/records supporting $147,844 for Vendor #6 were provided, but unsubstantiated expenses for total 22-line items, $4,526,140;

H.  TSI provided a few canceled checks (TSI 575-582) as support for listed expenses, but no invoices were provided explaining the charges, and the check(s) themselves appear to be relatively ambiguous, such as "deposit." Other expenses (but not the remainder-94 listed items have no support documents provided at all) are supported by an ETF transaction detail of unknown origin with redaction and no identification of what is being paid or how the payment is calculated or whether it is distinguished from a payment made by Bering Straits and part of its records (see TSI 549-572).

## **MEMORANDUM OF LAW**

Rule 37(b)(2)(A) and the court's inherent powers serve as the basis to sanction

Defendant in the matter at hand. First, Rule 37(b)(2)(A) states that if a party "fails

---

[1] All vendors listed herein will be identified by separate document filed under seal as Sealed Exhibit 1.  TSI's document production (TSI 444-582) will be filed under seal as Sealed Exhibit 2.

5

to obey an order to provide or permit discovery ... the court ... may issue further just orders" that "may include the following":

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;**
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> **(vi) rendering a default judgment against the disobedient party; or**
>
> **(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. (e.s.)**

"Sanctions allowed under Rule 37 are intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Wouters v. Martin Cty., Fla.*, 9 F.3d 924, 933 (11th Cir. 1993).

Generally, a "district court may sanction a party for improper conduct" and courts have broad discretion to fashion appropriate sanctions for violations of discovery orders. *Lambert v. Worldwide Mktg. Techs. Corp.*, No. 16–15992, 2017 WL 3833027, at \*3 (11th Cir. Sept. 1, 2017); *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993). Violation of Orders to Compel warrants sanctions according to Rule 37, including adverse inference jury instructions, *Creative*

*Resources Group of New Jersey, Inc., v. Creative Resources Group Inc.,* 212 F.R.D. 94, 107-08 (E.D.N.Y 2002).

WHEREFORE, Plaintiffs respectfully request that this Court compel the Defendant to produce all invoices and original documentation of all expenses for which payment was requested and made in relation to the Hurricane Maria/Puerto Rico bottled water order and should sanction Defendant for attorney's fees and costs in connection with the Motion to Compel and give an adverse inference jury instruction as to claimed expenses not fully supported by invoice billings and other adequate records production.  Further, Plaintiff requests that this Court extend all pending pre-trial deadlines and the trial itself by 30 days so that Plaintiff may obtain and review the records that have been previously compelled from Defendant.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

I certify that this motion complies with the type-volume limitation set forth in Local Rule 7.1(F) because it contains 1446 words, excluding the parts exempted by Local Rule 7.1(F).

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

Pursuant to N.D. Fla. Loc. R. 7.1(B) and Fed. R. Civ. P. 37(a)(1), undersigned counsel for Plaintiffs conferred with Defendant's counsel in good faith in an effort to resolve the issues herein but could not avoid presenting this issue to the Court.

Respectfully submitted this 3rd day of February, 2020.

M. STEPHEN TURNER, P.A. (FBN 095691)
LEONARD M. COLLINS (FBN 423210)
NELSON MULLINS BROAD AND CASSEL
P.O. Drawer 11300 (32302)
215 South Monroe Street, Suite 400
Tallahassee, FL  32301
Telephone: 850.681.6810
Facsimile: 850.681.9792
stephen.turner@nelsonmullins.com
leonard.collins@nelsonmullins.com
maria.ubieta@nelsonmullins.com
cassandra.finn@nelsonmullins.com
ellen.ethridge@nelsonmullins.com

***Attorneys for Plaintiffs, GPDEV, LLC and
Simons Exploration, Inc.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original of the foregoing has been filed through the Court's CM/ECF E-Filing system and copies served on counsel for Defendant below via this Court's electronic filing system, this 3rd of February, 2020.

Randall Leshin
RANDALL LESHIN, P.A.
1975 E. Sunrise Blvd., Ste. 504
Ft. Lauderdale, FL 33304
rleshin@leshinlawfirm.com
email@leshinlawfirm.com

Hal K. Litchford
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
200 S. Orange Ave., Suite 2900
Orlando, FL 32801
hlitchford@bakerdonelson.com
fedcts@bakerdonelson.com

Kelly Overstreet Johnson
Russel B. Buchanan
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
101 N. Monroe Street, Suite 925
Tallahassee, FL 32301
kjohnson@bakerdonelson.com
rbuchanan@bakerdonelson.com
calford@bakerdonelson.com
lterry@bakerdonelson.com

*Attorneys for Defendant, Team Systems International*

_____
Attorney

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GPDEV, LLC and SIMONS
EXPLORATION, INC.,

      Plaintiffs,

v.                            CASE NO. 4:18cv442-RH/CAS

TEAM SYSTEMS INTERNATIONAL,
LLC,

      Defendant.

_____/

**ORDER FOR A HEARING ON THE MOTION TO COMPEL,
FOR AN IN-PERSON PRETRIAL CONFERENCE, AND
<u>SEALING A SUBMISSION ON THE MOTION TO COMPEL</u>**

The January 10, 2020 order compelled the defendant to produce specified

documents by January 29, 2020. The plaintiffs have filed a motion asserting the

defendant did not produce all the specified documents. They have moved to seal

some of the material submitted in support of the motion to compel.

One cannot know, from the plaintiffs' motion, whether its allegations are

true. But the allegations are serious. A party who willfully fails to comply with a

court order usually comes to regret it. So does a party who levels an unfounded allegation of failure to comply.

Time is of the essence. This order sets a procedure under which the truth of the plaintiffs' allegations may be promptly addressed. The order also provides that the pretrial conference will be conducted in person instead of by telephone as originally scheduled.

IT IS ORDERED:

1. By a separate notice, the clerk must set an in-person hearing on the plaintiffs' motion to compel, ECF No. 105, for Friday, February 7, 2020, at 3:00 p.m. If all parties agree, the hearing will be rescheduled for a different available date and time during this same week. The courtroom deputy clerk must cooperate with the attorneys on the availability of alternative dates and times.

2. The defendant may but need not file a written response to the motion to compel, together with any supporting documentation. The deadline for any such response and documentation is two hours before the hearing.

3. The member, officer, or employee of the defendant who exercised ultimate authority over the defendant's compilation and production of documents in response to the January 10 order must attend the hearing in person. If the defendant's production is held deficient, the person should be prepared to show

cause why he or she should not be held in civil contempt and appropriately

sanctioned, including by being held in custody pending compliance.

4. The hearing will be canceled if the plaintiffs file a notice stating (a) that

the defendant has produced the requested documents or (b) that the defendant has

produced documents that may be sufficient and the plaintiffs requests a delay of

the hearing pending further efforts to resolve any dispute.

5. The pretrial conference remains scheduled for February 13, 2020 at 10:00

a.m. and will be conducted in person in Courtroom Five East in the United States

Courthouse, 111 N. Adams St., Tallahassee, Florida.

6. The plaintiffs' motion to file under seal, ECF No. 106, is granted. The

plaintiffs may file the referenced submission under seal, and the clerk must

maintain it under seal until otherwise ordered. Any person may move to unseal the

submission at any time.

SO ORDERED on February 4, 2020.

s/Robert L. Hinkle_____
United States District Judge

# EXHIBIT 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

      Plaintiffs,                  CASE NO.: 4:18-cv-00442-RH-CAS

Vs.

TEAM SYSTEMS INTERNATIONAL,
LLC,

      Defendants.
_____/

## **DEFENDANT'S NOTICE OF CLARIFICATION**

The Defendant, Team Systems International, LLC ("TSI"), by and through

the undersigned counsel, pursuant to Rule 26(e)(1)(A) of the Federal Rules of Civil

Procedure hereby files this Notice of Clarification and states:

On February 21, 2020, the Defendant filed its Response to the Plaintiffs'

Motion to Compel and Notice of Withdrawal of Ex. 1 (ECF 123). "Ex. 1" was an

eleven page document prepared by and produced by former counsel.

In that filing, the Defendant withdrew Ex. 1, which was prepared by and

produced by former counsel, pursuant to Rule 26(e)(1)(A) which states (in pertinent

part):

Duty to Disclose; General Provisions Governing Discovery

(e) SUPPLEMENTING DISCLOSURES AND RESPONSES.

(1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:

(A) in a timely manner if the party learns that in some material respect the disclosure or response is <u>incomplete or incorrect</u>, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing… (emphasis supplied)

Despite the withdrawal of that entire exhibit, Ex. 1, on August 18, 2020, during the deposition of the Defendant's expert witness, Chris Schneider, counsel for the Plaintiffs asked several questions relating to the withdrawn exhibit. The subject exhibit was withdrawn because it was not a source document of the Defendant, but rather a summary prepared by former counsel. When it was pointed out to counsel for the Plaintiffs (on the record) that the exhibit had been withdrawn for being inaccurate and incomplete, he replied that the prior withdrawal only referenced page TSI 448, thus asserting that only one page of Ex. 1 had been withdrawn, and he continued to ask questions referring to the remaining pages of the exhibit.

The notice of withdrawal was meant to include all pages of the exhibit, which is why the Defendant stated in its filing that "Ex. 1" was being withdrawn for being incomplete and inaccurate. That filing was in reference to the entire exhibit (TSI 448-458, copy attached) and not just one page of the exhibit. The reference to page 448 was intended to reference the starting point of the exhibit.

The fact is that none of the 11 pages of that exhibit are source documents of the Defendant and all of the pages (TSI 448 through 458) were included in the original notice of withdrawal despite the reference to the starting page 448. Plaintiffs have the actual source documents, both from the Defendant and from Bering Straits, which were also used in the deposition.

In order to clarify, and make sure the record is clear, the Defendant hereby files this Notice of Clarification, confirming that the entire 11 page exhibit (TSI 448 through 458), and any other copies of it that may have been promulgated in discovery, are incomplete and inaccurate, and have been withdrawn, pursuant to F.R. 26(e)(1)(A), along with and at the same time as the termination of former counsel.

Respectfully submitted,

Randall Leshin, P.A.                                        Date: August 31, 2020
Attorney for Team Systems International, LLC
1975 East Sunrise Blvd., Suite 504
Ft. Lauderdale, FL 33304
Tel. 954-941-9711
Fax 954-941-9750
rleshin@leshinlawfirm.com
email@leshinlawfirm.com

By:   /s/Randall L. Leshin
          Randall L. Leshin
          Florida Bar No. 380253

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel of record as listed below.

By:  /s/Randall L. Leshin
      Randall L. Leshin

M. Stephen Turner, Esq.
Attorney for Plaintiffs
M. STEPHEN TURNER, P.A.
P.O. Box 10261
Tallahassee, FL 32302
Telephone: (850) 545-1061
E-mail: mstephenturner.pa@gmail.com

Leonard M. Collins
Attorney for Plainitffs
GrayRobinson, P.A.
301 South Bronough St., Ste. 600
P.O. Box 11189 (32302-3189)
Tallahassee, FL 32301
Leonard.collins@gray-robinson.com
Madison.hanell@gray-robinson.corn
Chris.gibson@gray-robinson.com

Wayne LaRue Smith, Esq.
Attorney for Defendant
The Smith Law Firm
509 Whitehead Street
Key West, Florida 33040
T: (305) 296-0029
F: (305) 296-9172
wsmith@thesmithlawfirm.com
Court-Filings@thesmithlawfirm.com

**Monies Paid by FEMA to TSI Under MATOC**

| Date | Amount | Description | |
|---|---|---|---|
| 11/29/2017 | $ 9,359,280.00 | Water+Delivery to Zone 1 @75 cents per liter x 12,479,040 liters | CLIN 0002AA |
| 11/29/2017 | $ 8,979,572.37 | Delivery from Zone 1 to Puerto Rico | CLIN 0003 |
| 04/21/2019 | $ 4,319,019.80 | Payment for Lost Containers/Delayed Return of Containers | CLIN 0016 |
| 08/21/2019 | $ 4,645,725.00 | Payment for Lost Containers/Delayed Return of Containers | CLIN 0016 |
| | | | |
| | $ 27,303,597.17 | **Total Amount Received to Date by TSI from FEMA Under MATOC** | |

Attorney's Eyes Only

TSI 448

D001234

**Monies Received from FEMA for the Purchase of Water Sourced from Niagara**

| Date | Amount | | Notes |
|------|--------|---|-------|
| 11/29/2017 | $ | 4,941,860.25 | Allocated at 6,589,147 liters x .75/L |

Attorney's Eyes Only

TSI 449

**D001235**

|  | Expenses Under Consulting Agreement |  |
|---|---|---|
| **Date** | **Category** | **Expense Amount** |
| 12/18/2017 | CHECK CLEARED -Water * | $ (2,767,441.74) |
| 12/22/2017 | ONLINE OR MOBILE WIRE TRANSFERREF - Logisitcs Sta | (10,800.00) |
| 12/26/2017 | ONLINE OR MOBILE WIRE TRANSFERREF - Insurance | (1,122.66) |
| 12/27/2017 | CHECK CLEARED -Logistics | (1,845.77) |
| 01/08/2018 | CHECK CLEARED -Logisitics Staff | (6,840.00) |
| 01/09/2018 | CHECK CLEARED -Transport | (9,474.58) |
| 01/12/2018 | CHECK CLEARED -Terminal | (11,286.00) |
| 01/26/2018 | CHECK CLEARED -Transport | (4,036.22) |
| 01/26/2018 | CHECK CLEARED -Insurance | (1,539.00) |
| 02/09/2018 | CHECK CLEARED -Transport | (16,508.85) |
| 02/21/2018 | ONLINE OR MOBILE WIRE TRANSFERREF -Transport | (44,460.00) |
| 02/22/2018 | ONLINE OR MOBILE WIRE TRANSFERREF -Transport | (54,720.00) |
| 02/27/2018 | CHECK CLEARED - Logistics Staff | (2,147.76) |
| 03/02/2018 | ONLINE OR MOBILE WIRE TRANSFERREF - Terminal | (39,600.00) |
| 03/09/2018 | ONLINE OR MOBILE WIRE TRANSFERREF - Logisitics | (46,800.00) |
| 03/16/2018 | CHECK CLEARED - Insurance | (1,002.78) |
| 03/19/2018 | ONLINE OR MOBILE WIRE TRANSFERREF - Transport | (42,750.00) |
| 03/21/2018 | CHECK CLEARED - Transport | (25,570.27) |
| 03/26/2018 | CHECK CLEARED -Transport | (10,776.95) |
|  |  |  |
|  |  | $ (3,098,722.57) |
|  |  |  |
|  | **Notes** |  |
|  | * Water Payment is allocated @ 6,589,147 L x .42/L |  |
|  | These expenses are allocated to Niagara and do not include ALL the transportation expenses paid to in connection the CLIN 0003 Transport to PR . Those expenses are contained within the Other MATOC Expense Sheet. |  |
|  |  |  |
|  |  |  |
|  |  |  |

Attorney's Eyes Only

TSI 450

D001236

| | All Other TSI MATOC Expenses | | |
|---|---|---|---|
| | | | |
| Date | Description | | Amount |
| 11/30/2017 | PLS - Trucking CLIN 0016 | $ | (11,456.50) |
| 11/30/2017 | Ayala Terminal CLIN 0016 | $ | (6,000.00) |
| 11/30/2017 | Ayala CLIN 0016 | $ | (116,600.00) |
| 12/01/2017 | Logisitcs DIRECT labor CLIN 0016 | $ | (10,000.00) |
| 12/01/2017 | PLS - CLIN 0016 | $ | (4,000.00) |
| 12/05/2017 | Ayala CLIN 0016 | $ | (206,000.00) |
| 12/08/2017 | Transport to PR(BERING STRAITS) CLIN 0003 | $ | (448,000.34) |
| 12/18/2017 | Transport to PR (BERING STRAITS)CLIN 0003 | $ | (4,650,135.29) |
| 12/18/2017 | Transport ro PR*(BERING STRAITS)CLIN 0003 | $ | (3,100,090.20) |
| 12/18/2017 | Water**(BERING STRAITS) CLIN 0002AA | $ | (2,347,754.98) |
| 12/22/2017 | DIRECT labor CLIN 0003 | $ | (30,000.00) |
| 12/26/2017 | Insurance (MARSH) -CLIN 0016 | $ | (3,118.50) |
| 12/27/2017 | Ayala CLIN 0016 | $ | (5,127.13) |
| 12/27/2017 | Bering Straits - CLIN 0016 | $ | (359,383.31) |
| 12/28/2017 | TRBR Transport CLIN 0016 | $ | (10,000.00) |
| 01/02/2018 | Terminal (JAX PORT) CLIN 0003 | $ | (4,000.00) |
| 01/05/2018 | Ayala CLIN 0016 | $ | (100,000.00) |
| 01/08/2018 | DIRECT labor CLIN 0003 | $ | (20,000.00) |
| 01/09/2018 | Transport (Tesza) CLIN 0016 | $ | (27,703.46) |
| 01/12/2018 | Direct Labor CLIN 0016 | $ | (33,000.00) |
| 01/26/2018 | Transport (Mobro) - CLIN 0016 | $ | (11,801.80) |
| 01/26/2018 | Insurance (MARSH) -CLIN 0016 | $ | (4,500.00) |
| 02/09/2018 | Ayala CLIN 0016 | $ | (48,271.48) |
| 02/09/2018 | Ayala CLIN 0016 | $ | (500,000.00) |
| 02/14/2018 | TRBR Transport CLIN 0016 | $ | (75,000.00) |
| 02/15/2018 | Transport (CROWLEY)CLIN 0003 | $ | (6,000.00) |
| 02/15/2018 | Ayala CLIN 0016 | $ | (510,000.00) |
| 02/16/2018 | TRBR Transport CLIN 0016 | $ | (5,000.00) |
| 02/20/2018 | Ayala CLIN 0016 | $ | (500,300.00) |
| 02/21/2018 | Transport DART CLIN 0016 | $ | (130,000.00) |
| 02/22/2018 | Transport DART CLIN 0016 | $ | (160,000.00) |

Attorney's Eyes Only

TSI 451

D001237

| | | | |
|---|---|---|---|
| 02/26/2018 | Ayala CLIN 0016 | $ | (530,000.00) |
| 02/27/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (6,280.00) |
| 03/02/2018 | Ayala CLIN 0016 | $ | (110,000.00) |
| 03/09/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (130,000.00) |
| 03/12/2018 | Ayala CLIN 0016 | $ | (280,000.00) |
| 03/16/2018 | Insurance (MARSH) -CLIN 0016 · | $ | (2,932.10) |
| 03/19/2018 | TRBR Transport CLIN 0016 | $ | (125,000.00) |
| 03/20/2018 | Ayala CLIN 0016 | $ | (112,228.80) |
| 03/21/2018 | TRBR Transport CLIN 0016 | $ | (74,766.86) |
| 03/22/2018 | Direct labor - Marine Crane CLIN 0016 | $ | (50,000.00) |
| 03/26/2018 | TRBR Transport CLIN 0016 | $ | (31,511.55) |
| 04/12/2018 | Transport (Tesza) CLIN 0016 | $ | (319,849.91) |
| 04/16/2018 | Logisitcs (COAKLEY) | $ | (588,000.00) |
| 04/24/2018 | TRBR Transport CLIN 0016 | $ | (4,658.50) |
| 04/24/2018 | Transport (Tesza) CLIN 0016 | $ | (247,000.00) |
| 04/24/2018 | Transport (Tesza) CLIN 0016 | $ | (350,000.00) |
| 04/25/2018 | Transport DART CLIN 0016 | $ | (60,000.00) |
| 04/25/2018 | TRBR Transport CLIN 0016 | $ | (30,000.00) |
| 04/25/2018 | Ayala CLIN 0016 | $ | (240,000.00) |
| 04/26/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (1,815.00) |
| 05/07/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (2,300.00) |
| 05/14/2018 | Transport DART CLIN 0016 | $ | (100,000.00) |
| 05/14/2018 | Transport DART CLIN 0016 | $ | (18,125.00) |
| 05/15/2018 | TRBR Transport CLIN 0016 | $ | (6,128.75) |
| 05/16/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (10,000.00) |
| 05/18/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (14,500.00) |
| 05/18/2018 | TRBR Transport CLIN 0016 | $ | (1,200.00) |
| 05/21/2018 | TRBR Transport CLIN 0016 | $ | (1,000.00) |
| 05/21/2018 | TRBR Transport CLIN 0016 | $ | (2,300.00) |
| 05/21/2018 | TRBR Transport CLIN 0016 | $ | (700.00) |
| 05/21/2018 | TRBR Transport CLIN 0016 | $ | (900.00) |
| 05/22/2018 | TRBR Transport CLIN 0016 | $ | (230.73) |
| 05/22/2018 | TRBR Transport CLIN 0016 | $ | (2,000.00) |
| 05/22/2018 | TRBR Transport CLIN 0016 | $ | (2,000.00) |

Attorney's Eyes Only

TSI 452

D001238

| 05/22/2018 | TRBR Transport CLIN 0016 | $ | (1,300.00) |
|---|---|---|---|
| 05/23/2018 | TRBR Transport CLIN 0016 | $ | (6,225.00) |
| 05/23/2018 | TRBR Transport CLIN 0016 | $ | (7,250.00) |
| 05/23/2018 | TRBR Transport CLIN 0016 | $ | (4,500.00) |
| 05/23/2018 | TRBR Transport CLIN 0016 | $ | (1,000.00) |
| 05/24/2018 | TRBR Transport CLIN 0016 | $ | (150.00) |
| 05/24/2018 | TRBR Transport CLIN 0016 | $ | (1,400.00) |
| 05/25/2018 | TRBR Transport CLIN 0016 | $ | (1,500.00) |
| 05/25/2018 | TRBR Transport CLIN 0016 | $ | (500.00) |
| 05/29/2018 | TRBR Transport CLIN 0016 | $ | (1,230.00) |
| 05/29/2018 | TRBR Transport CLIN 0016 | $ | (4,500.00) |
| 05/29/2018 | TRBR Transport CLIN 0016 | $ | (1,000.00) |
| 05/29/2018 | TRBR Transport CLIN 0016 | $ | (2,000.00) |
| 05/29/2018 | TRBR Transport CLIN 0016 | $ | (1,000.00) |
| 05/30/2018 | TRBR Transport CLIN 0016 | $ | (15,000.00) |
| 05/30/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (40,000.00) |
| 05/31/2018 | TRBR Transport CLIN 0016 | $ | (25,375.00) |
| 05/31/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (1,000.00) |
| 05/31/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (1,841.24) |
| 05/31/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (3,000.00) |
| 06/04/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (1,400.00) |
| 06/04/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (1,400.00) |
| 06/04/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (3,300.00) |
| 06/05/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (1,400.00) |
| 06/06/2018 | TRBR Transport CLIN 0016 | $ | (4,350.00) |
| 06/06/2018 | TRBR Transport CLIN 0016 | $ | (2,300.00) |
| 06/06/2018 | TRBR Transport CLIN 0016 | $ | (1,400.00) |
| 06/07/2018 | TRBR Transport CLIN 0016 | $ | (703.95) |
| 06/07/2018 | TRBR Transport CLIN 0016 | $ | (19.00) |
| 06/08/2018 | TRBR Transport CLIN 0016 | $ | (92.24) |
| 06/14/2018 | TRBR Transport CLIN 0016 | $ | (749.04) |
| 06/15/2018 | TRBR Transport CLIN 0016 | $ | (13,775.00) |
| 06/15/2018 | TRBR Transport CLIN 0016 | $ | (165.00) |
| 06/18/2018 | TRBR Transport CLIN 0016 | $ | (100,000.00) |

Attorney's Eyes Only

TSI 453

D001239

| 06/18/2018 | TRBR Transport CLIN 0016 | $ | (2,600.00) |
|---|---|---|---|
| 06/18/2018 | TRBR Transport CLIN 0016 | $ | (2,893.95) |
| 06/18/2018 | TRBR Transport CLIN 0016 | $ | (2,693.95) |
| 06/18/2018 | TRBR Transport CLIN 0016 | $ | (2,703.95) |
| 06/18/2018 | TRBR Transport CLIN 0016 | $ | (3,001.95) |
| 06/18/2018 | TRBR Transport CLIN 0016 | $ | (3,002.95) |
| 06/18/2018 | TRBR Transport CLIN 0016 | $ | (5,000.00) |
| 06/20/2018 | TRBR Transport CLIN 0016 | $ | (13,311.25) |
| 06/20/2018 | TRBR Transport CLIN 0016 | $ | (38,425.00) |
| 06/28/2018 | TRBR Transport CLIN 0016 | $ | (5,000.00) |
| 06/29/2018 | TRBR Transport CLIN 0016 | $ | (7,504.90) |
| 06/29/2018 | TRBR Transport CLIN 0016 | $ | (3,802.00) |
| 06/29/2018 | TRBR Transport CLIN 0016 | $ | (23,200.00) |
| 07/02/2018 | TRBR Transport CLIN 0016 | $ | (330.00) |
| 07/03/2018 | Ayala CLIN 0016 | $ | (193,612.98) |
| 07/03/2018 | Ayala CLIN 0016 | $ | (140,800.00) |
| 07/03/2018 | TRBR Transport CLIN 0016 | $ | (39,201.47) |
| 07/05/2018 | TRBR Transport CLIN 0016 | $ | (2,300.00) |
| 07/05/2018 | TRBR Transport CLIN 0016 | $ | (17,138.25) |
| 07/05/2018 | TRBR Transport CLIN 0016 | $ | (18,125.00) |
| 07/05/2018 | Ayala CLIN 0016 | $ | (254,200.00) |
| 07/06/2018 | TRBR Transport CLIN 0016 | $ | (1,862.78) |
| 07/10/2018 | TRBR Transport CLIN 0016 | $ | (5,408.50) |
| 07/11/2018 | TRBR Transport CLIN 0016 | $ | (1,000.00) |
| 07/11/2018 | TRBR Transport CLIN 0016 | $ | (19.00) |
| 07/12/2018 | TRBR Transport CLIN 0016 | $ | (22,000.00) |
| 07/12/2018 | TRBR Transport CLIN 0016 | $ | (12,326.00) |
| 07/13/2018 | TRBR Transport CLIN 0016 | $ | (7,944.00) |
| 07/16/2018 | TRBR Transport CLIN 0016 | $ | (45.00) |
| 07/16/2018 | TRBR Transport CLIN 0016 | $ | (45.00) |
| 07/17/2018 | TRBR Transport CLIN 0016 | $ | (471.00) |
| 07/17/2018 | TRBR Transport CLIN 0016 | $ | (24,650.00) |
| 07/20/2018 | TRBR Transport CLIN 0016 | $ | (18,125.00) |
| 07/27/2018 | TRBR Transport CLIN 0016 | $ | (7,840.00) |

Attorney's Eyes Only

TSI 454

D001240

| 07/30/2018 | TRBR Transport CLIN 0016 | $ | (5,000.00) |
|---|---|---|---|
| 07/30/2018 | TRBR Transport CLIN 0016 | $ | (4,000.00) |
| 07/31/2018 | TRBR Transport CLIN 0016 | $ | (36,750.00) |
| 08/03/2018 | TRBR Transport CLIN 0016 | $ | (3,500.00) |
| 08/03/2018 | TRBR Transport CLIN 0016 | $ | (3,000.00) |
| 08/03/2018 | TRBR Transport CLIN 0016 | $ | (2,000.00) |
| 08/03/2018 | Transport DART CLIN 0016 | $ | (51,214.78) |
| 08/06/2018 | Transport DART CLIN 0016 | $ | (17,650.00) |
| 08/06/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (3,000.00) |
| 08/06/2018 | Transport DART CLIN 0016 | $ | (100,000.00) |
| 08/08/2018 | Transport DART CLIN 0016 | $ | (5,000.00) |
| 08/08/2018 | Transport DART CLIN 0016 | $ | (10,000.00) |
| 08/08/2018 | Transport DART CLIN 0016 | $ | (1,400.00) |
| 08/08/2018 | Transport DART CLIN 0016 | $ | (62,000.00) |
| 08/08/2018 | Transport DART CLIN 0016 | $ | (170,100.00) |
| 08/14/2018 | Transport DART CLIN 0016 | $ | (10,150.00) |
| 08/14/2018 | Transport DART CLIN 0016 | $ | (2,000.00) |
| 08/21/2018 | Transport DART CLIN 0016 | $ | (10,000.00) |
| 08/21/2018 | Transport DART CLIN 0016 | $ | (20,000.00) |
| 08/21/2018 | Transport DART CLIN 0016 | $ | (24,232.50) |
| 08/22/2018 | Transport DART CLIN 0016 | $ | (3,000.00) |
| 08/27/2018 | Transport DART CLIN 0016 | $ | (1,000.00) |
| 08/27/2018 | Transport DART CLIN 0016 | $ | (16,687.50) |
| 08/27/2018 | Transport DART CLIN 0016 | $ | (27,550.00) |
| 08/27/2018 | Transport DART CLIN 0016 | $ | (2,500.00) |
| 08/27/2018 | Transport DART CLIN 0016 | $ | (4,600.00) |
| 08/27/2018 | Transport DART CLIN 0016 | $ | (24,235.00) |
| 08/28/2018 | TRBR Transport CLIN 0016 | $ | (21,800.00) |
| 09/04/2018 | TRBR Transport CLIN 0016 | $ | (20,000.00) |
| 09/04/2018 | TRBR Transport CLIN 0016 | $ | (15,000.00) |
| 09/05/2018 | TRBR Transport CLIN 0016 | $ | (10,200.00) |
| 09/06/2018 | TRBR Transport CLIN 0016 | $ | (8,000.00) |
| 09/10/2018 | Transport DART CLIN 0016 | $ | (100,000.00) |
| 09/11/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (8,200.00) |

Attorney's Eyes Only

TSI 455

D001241

| 09/13/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (2,500.00) |
| 09/14/2018 | TRBR Transport CLIN 0016 | $ | (22,740.00) |
| 09/14/2018 | Transport DART CLIN 0016 | $ | (100,000.00) |
| 09/17/2018 | Transport DART CLIN 0016 | $ | (150,000.00) |
| 09/17/2018 | Transport DART CLIN 0016 | $ | (147,993.60) |
| 09/18/2018 | TRBR Transport CLIN 0016 | $ | (4,000.00) |
| 09/25/2018 | TRBR Transport CLIN 0016 | $ | (18,050.00) |
| 09/25/2018 | TRBR Transport CLIN 0016 | $ | (19,232.50) |
| 09/27/2018 | TRBR Transport CLIN 0016 | $ | (10,000.00) |
| 10/02/2018 | TRBR Transport CLIN 0016 | $ | (8,050.00) |
| 10/02/2018 | TRBR Transport CLIN 0016 | $ | (3,200.00) |
| 10/02/2018 | TRBR Transport CLIN 0016 | $ | (17,625.00) |
| 10/02/2018 | Transport DART CLIN 0016 | $ | (108,000.00) |
| 10/05/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | 2,000.00 |
| 10/05/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (25,000.00) |
| 10/09/2018 | TRBR Transport CLIN 0016 | $ | (12,325.00) |
| 10/10/2018 | TRBR Transport CLIN 0016 | $ | (2,590.00) |
| 10/11/2018 | TRBR Transport CLIN 0016 | $ | (20,442.00) |
| 10/11/2018 | TRBR Transport CLIN 0016 | $ | (35,000.00) |
| 10/11/2018 | TRBR Transport CLIN 0016 | $ | (2,280.00) |
| 10/12/2018 | TRBR Transport CLIN 0016 | $ | (25,000.00) |
| 10/16/2018 | Transport DART CLIN 0016 | $ | (200,000.00) |
| 10/16/2018 | TRBR Transport CLIN 0016 | $ | (2,300.00) |
| 10/16/2018 | TRBR Transport CLIN 0016 | $ | (5,000.00) |
| 10/22/2018 | Transport DART CLIN 0016 | $ | (51,000.00) |
| 10/22/2018 | Transport DART CLIN 0016 | $ | (50,000.00) |
| 11/01/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (2,300.00) |
| 11/01/2018 | TRBR Transport CLIN 0016 | $ | (10,876.00) |
| 11/06/2018 | TRBR Transport CLIN 0016 | $ | (10,605.00) |
| 11/08/2018 | TRBR Transport CLIN 0016 | $ | (27,550.00) |
| 11/09/2018 | TRBR Transport CLIN 0016 | $ | (16,875.00) |
| 11/28/2018 | TRBR Transport CLIN 0016 | $ | (25,875.00) |
| 11/28/2018 | TRBR Transport CLIN 0016 | $ | (1,200.00) |
| 11/28/2018 | TRBR Transport CLIN 0016 | $ | (24,650.00) |

Attorney's Eyes Only

TSI 456

D001242

| 12/03/2018 | TRBR Transport CLIN 0016 | $ | (2,300.00) |
| 12/03/2018 | TRBR Transport CLIN 0016 | $ | (50,000.00) |
| 12/03/2018 | Ayala CLIN 0016 | $ | (200,000.00) |
| 12/11/2018 | TRBR Transport CLIN 0016 | $ | (15,225.00) |
| 12/11/2018 | Ayala CLIN 0016 | $ | (150,000.00) |
| 12/17/2018 | Logisitcs DIRECT labor CLIN 0016 | $ | (25,000.00) |
| 01/03/2019 | TRBR Transport CLIN 0016 | $ | (4,350.00) |
| 01/08/2019 | TRBR Transport CLIN 0016 | $ | (9,425.00) |
| 01/15/2019 | TRBR Transport CLIN 0016 | $ | (2,300.00) |
| 01/15/2019 | TRBR Transport CLIN 0016 | $ | (7,500.00) |
| 01/16/2019 | TRBR Transport CLIN 0016 | $ | (3,552.74) |
| 01/22/2019 | TRBR Transport CLIN 0016 | $ | (20,599.76) |
| 02/05/2019 | TRBR Transport CLIN 0016 | $ | (2,300.00) |
| 02/05/2019 | Ayala CLIN 0016 | $ | (198,000.00) |
| 02/06/2019 | INSURANCE - MARSH | $ | (25,000.00) |
| 02/06/2019 | Logisitcs DIRECT labor CLIN 0016 | $ | (21,650.00) |
| 02/11/2019 | Logisitcs DIRECT labor CLIN 0016 | $ | (50,000.00) |
| 03/01/2019 | Logisitcs DIRECT labor CLIN 0016 | $ | (1,100.00) |
| 03/01/2019 | Logisitcs DIRECT labor CLIN 0016 | $ | (5,000.00) |
| 03/20/2019 | Logisitcs DIRECT labor CLIN 0016 | $ | (20,000.00) |
| 03/21/2019 | Ayala CLIN 0016 | $ | (25,000.00) |
| 03/26/2019 | Transport DART CLIN 0016 | $ | (20,000.00) |
| 04/25/2019 | TRBR Transport CLIN 0016 | $ | (4,600.00) |
| 04/29/2019 | Transport DART CLIN 0016 | $ | (25,000.00) |
| 05/29/2019 | TRBR Transport CLIN 0016 | $ | (7,021.15) |
| 06/14/2019 | TRBR Transport CLIN 0016 | $ | (20,000.00) |
| 07/02/2019 | TRBR Transport CLIN 0016 | $ | (2,300.00) |
| 07/09/2019 | TRBR Transport CLIN 0016 | $ | (4,969.20) |
| 07/19/2019 | Ayala CLIN 0016 | $ | (100,000.00) |
| 07/23/2019 | Transport DART CLIN 0016 | $ | (31,351.67) |
| 07/26/2019 | Transport DART CLIN 0016 | $ | (42,057.75) |
| 07/26/2019 | Transport DART CLIN 0016 | $ | (52,704.56) |
| 08/13/2019 | Transport DART CLIN 0016 | $ | (34,686.10) |
| 08/13/2019 | TRBR Transport CLIN 0016 | $ | (2,900.00) |

Attorney's Eyes Only

TSI 457

D001243

| 09/06/2019 | TRBR Transport CLIN 0016 | $ | (3,548.70) |
| 09/09/2019 | TRBR Transport CLIN 0016 | $ | (26,204.03) |
| 09/10/2019 | TRBR Transport CLIN 0016 | $ | (7,240.00) |
| 09/10/2019 | TRBR Transport CLIN 0016 | $ | (1,817.00) |
| 09/11/2019 | Logisitcs DIRECT labor CLIN 0016 | $ | (4,000.00) |
| 09/12/2019 | Logisitcs DIRECT labor CLIN 0016 | $ | (10,000.00) |
| 09/30/2019 | TRBR Transport CLIN 0016 | $ | (27,500.00) |
| 10/01/2019 | TRBR Transport CLIN 0016 | $ | (4,901.36) |
| 10/02/2019 | TRBR Transport CLIN 0016 | $ | (20,792.51) |

**Other Expenses Paid to Date Under MATOC**          $ (21,286,003.95)

**Notes**

| | * Bering Straits subcontract cost ($7,750,225.49) allocated using an estimated 60 percent to Niagara/40 percent to Nestle based upon the differences in transportation expenses associated with Niagara versus Nestle.  An exact allocation would require considerably more time and likely result in an even greater allocation to Niagara. | |
| | ** Bering Straits expense ($5,241,196.80) allocated using 5,889,892 liters x .42 cents per liter | |

Attorney's Eyes Only

TSI 458

D001244