## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,
     Plaintiffs,

v.                              **Case No.: 4:18-cv-00442-RH-CAS**

TEAM SYSTEMS INTERNATIONAL,
LLC,
     Defendant.

                                  /

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs GPDEV, LLC and Simons Exploration, Inc. file proposed jury instructions per this Court's order and in support state:

1.     Plaintiffs seek the following Federal Pattern Jury instructions:

| | |
|---|---|
| 1.1 | General Preliminary Instruction |
| 1.2 | Burden of Proof – Clear and Convincing Evidence |
| 1.4 | Jury Questions |
| 1.5 | Interim Statements |
| 2.1 | Stipulations |
| 2.5 | Judicial Notice |
| 2.6 | Use of Interrogatories |
| 2.8 | Civil Allen Charge |
| 3.1 | Introduction |
| 3.2.2 | The Duty to Follow Instructions – Corporate Party Involved |
| 3.3 | Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court |
| 3.4 | Credibility of Witnesses |
| 3.5.1 | Impeachment of Witnesses Because of Inconsistent |

1

Statements

3.6.1   Expert Witness

3.6.2   Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

3.7.1   Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

3.7.2   Responsibility for Proof – Affirmative Defense Preponderance of the Evidence

3.8.1   Duty to Deliberate When Only the Plaintiff Claims Damages

3.9   Election of Foreperson Explanation of Verdict Form[s]

2.   Plaintiffs seek the following Specialized Instructions[1]:

1.   BREACH OF CONTRACT — ESSENTIAL FACTUAL ELEMENTS (*based on Florida Supreme Court Jury Instruction §416.4*);

2.   MODIFICATION (SUBSEQUENT ORAL AGREEMENT OR COURSE OF DEALING MODIFICATION OF CONTRACT )

3.   IMPLIED AGREEMENT MODIFICATION

4.   APPLICATION OF VERBAL AGREEMENT

5.   LEGAL MEANING OF CERTAIN TERMS

6.   DISPUTED TERMS

7.   CONSTRUCTION OF CONTRACT AS A WHOLE (FLORIDA SUPREME COURT INSTRUCTION 416.17---INTERPRETATION).

---

[1]   Plaintiffs' proposed instructions are either modified versions of Florida Supreme Court pattern jury instructions, ABA model instructions or are based on case law applicable to the issue at hand.  Authorities (identifying the underlying Florida Supreme Court or ABA instruction) or applicable case law are cited with each proposed instruction.

2

8.   IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING. (*ABA STANDARD FORM JURY INSTRUCTION §   89:59*);

9.   ADVERSE INFERENCE JURY INSTRUCTION.

10.   INTRODUCTION TO CONTRACT DAMAGES DETERMINATION OF AMOUNT DUE AND OWED (*Modified version of Florida Supreme Court Jury Instructions 504.1 and  504.2*)

3. Verdict form.

**PLAINTIFFS' SPECIAL REQUESTED INSTRUCTION #1.**

**416.4 BREACH OF CONTRACT — ESSENTIAL FACTUAL ELEMENTS (*MODIFIED FROM STANDARD FORM*)**

To recover damages from Team Systems International, LLC, for breach of contract, GPDEV, LLC and Simons Exploration, Inc., must prove all of the following:

1.    GPDEV, LLC and Simons Exploration, Inc. and Team Systems International, LLC  entered into a contract;

2.    GPDEV, LLC and Simons Exploration, Inc. did all, or substantially all, of the essential things which the contract required them  to door that they was excused from doing those things;

3.    All conditions required by the contract for Team Systems International, LLC, performance had occurred;

4.    Team Systems International, LLC, failed to do something essential which the contract required it to do, and

5.    GPDEV, LLC and Simons Exploration, Inc. were damaged by that failure.

**PLAINTIFFS' SPECIAL REQUESTED INSTRUCTION #2.**

**MODIFICATION (SUBSEQUENT ORAL AGREEMENT OR COURSE OF DEALING MODIFICATION OF CONTRACT ) (See Florida Supreme Court Jury instruction 416.13)**

Plaintiffs' claim that the Consulting Agreement with TSI was modified by express or implied understanding to include bottled water from Niagara bottled water.  The parties to a contract may agree to modify its terms.  You must decide whether a reasonable person would conclude from the words and conduct of Plaintiffs GPDEV, LLC and Simons Exploration, Inc.,  and Team Systems International, LLC, that they agreed to modify the contract.  You cannot consider the parties' hidden intentions.

A contract in writing may be modified, by a subsequent oral agreement between the parties, or by the parties' subsequent conduct, if the modified agreement has been accepted and acted upon by the parties in such a manner as would work a fraud on either party to refuse to enforce it.

The Plaintiff contends that the parties consulting agreement was modified by discussions consistent with writings and course of dealing to add bottled water suppliers other than Niagara to provide bottled water to be sold to FEMA under FEMA bottled water contract and Plaintiffs would receive their 25% fee.

Whether a contract is modified by subsequent oral agreement or course of dealing is a question of fact.

Even though a written contract prohibits amendment that is not in writing signed by the parties, a written agreement may be modified by subsequent oral agreement or course of conduct, including written approvals and assent, or when there is clear evidence of mutual agreement accepted and acted upon by the parties in such a manner as would work a fraud upon a party to refuse to honor it.

The party asserting the contract modification bears the burden to prove the modification by course of dealing or oral agreement occurred and that new consideration and consent of the parties supports the modification. Consideration can be allowing something that the Plaintiffs did or will do that was not included in the agreement. Plaintiffs action in reliance is sufficient to create a new obligation to support oral modifications, even though the existing agreement purports to prohibit such modification.

If you find based on a preponderance of the evidence that TSI accepted by words or actions to substitute other water suppliers besides Niagara to supply bottled water to FEMA under TSI's contract with FEMA, then you may find that the parties so modified their consulting agreement.


Authority: *Lake Sue Devolop. Co. Inc., v. Keewin Real Prop. Co*., 950 So 2d 1280, 1284-85 (Fla. 5th DCA 2007). *J. Lynn. Const. Inc., v. Fairways at Boca Golf*, 962 So. 2d 928, 930 (Fla. 4th DCA 2007); *Ward Photonics v. Seltzer*, 2019 WL 4673191

(M.D. Fla. 7/31/19). *Harrell v. Wood & Assic. Of America Inc.*, 351 B.R. 221, 248-250 (M.D. Fla. 2006).

**PLAINTIFFS' PROPOSED SPECIAL INSTRUCTION  #3.**

**IMPLIED AGREEMENT MODIFICATION**

You are advised that a valid modification agreement may be implied when parties' assent is manifested through written or spoken words, or is inferred in whole of in part from the parties conduct.

An agreement implied in fact is not put into promissory words with sufficient clarity by may be inferred from established facts and circumstances, depending on the parties conduct and the factual circumstances surrounding the parties' conduct.

You may examine and interpret the parties' conduct to give definition and reasonably infer an unspoken meeting of the minds showing a tacit promise or understanding that creates an implied in fact agreement that they may modify their written agreement.

A common example of agreement implied in fact is where one person performs a service at another person's request or where service is rendered by one person for another with his knowledge and under circumstances raising the presumption that the parties understood and intended that compensation would be paid.

Authority: *Torres v. Wendy's Int'l, LLC*, 2017 WL 8780453 * 3 (M.D. Fla. 2017); *Smith v. Casey*, 2014 WL 11878422 * 4 (S.D. Fla. 2014).

**PLAINTIFFS' PROPOSED SPECIAL INSTRUCTION  #4.**

**APPLICATION OF VERBAL AGREEMENT**

TSI has admitted that it verbally agreed with Mr. Simons to pay him net profits pursuant to the consulting agreement related to the delivery of Nestle bottled water to FEMA pursuant to its contract with FEMA, but TSI denies that the agreement applies to both Plaintiffs.

You are advised that you may find that any agreement by TSI with one of the Plaintiffs or its principal connected with the consulting agreement may apply to both Plaintiffs who were working together as co-ventures or partners with TSI in relation to the FEMA contract and entitled to commission compensation together under the consulting agreement with TSI.


Authority: *Futch v. Head*, 511 So 2d 314, 318-319 (Fla. 1st DCA 1987) (brokers acting together were venturers or partners where commission agreement indicated split of payment).

**PLAINTIFFS' PROPOSED SPECIAL INSTRUCTION #5.**

**LEGAL MEANING OF CERTAIN TERMS**

The parties consulting agreement requires Defendant to pay Plaintiffs 25% of the net amount of income TSI receives from amounts paid by FEMA for the supply of bottled water.

Under the agreement, "net income" is defined as gross revenue less cost of goods sold, transportation and direct labor.

You are instructed that gross revenue means all moneies paid to TSI with respect to the FEMA contract to supply bottled water.

It is not disputed that transportation costs are deducted from gross revenue to determine net profits, so that gross revenues would necessarily include delivering and storing the supply of bottled water sold to FEMA.  Further, you are advised that storage is a normal part of transportation service.

Authority: 416.14 Florida Standard Jury Instructions; *Downs v. U.S. Army Corps. Of Engineers*, 333 Fed. Apps. 403, 412 (11th Cir 2009).

**PLAINTIFFS' PROPOSED SPECIAL INSTRUCTION  #6.**

*INTERPRETATION – DISPUTED TERM(S)* **APPLICATION  OF  VERBAL AGREEMENT (***This is a modified version of Florida Supreme Court instructions 416.14 and 416.17).*

GPDEV, LLC and Simons Exploration, Inc., and Team Systems International, LLC, dispute the meaning of the following term(s) contained in their contract:

1.      "Net profit form the supply of bottled water"

2.      "Net income realized from the supply of bottled water to FEMA"

Plaintiffs contend that the phrase "Net profit from the supply of bottled water" in the contract refers to the net profit derived from TSI's performance of the requirements of FEMA for the supply of emergency bottled water, and that this is consistent with the phrases, "supply of bottled water to sell to FEMA" and "net income realized from the supply of bottled water to FEMA."   Plaintiff have submitted evidenced that payment of 25% of profits realized by TSI from the FEMA contract was to compensate them for securing a qualifying water supplier to allow TSI to secure the FEMA bottle water contract.  Plaintiffs urge the phrases, taken in connection with expense to reduce from gross revenues to achieve net profits payable, should be understood to mean they would be paid on everything connected with TSI's performance of the requirements of the FEMA contract for the supply of

bottled water, including, providing, delivering and transferring bottled water ordered by FEMA in the place and manner required by the contract.

Defendant contends that the phrases means that the Plaintiffs would only be paid on the profits TSI realized from FEMA contract revenues attributable to the mark-up price of bottled water itself.

If you find that the reference terms regarding the supply of bottled water to be susceptible of different meanings or varying interpretations in the context, they are used in the consulting agreement, you should decide which meaning was intended and is appropriate.

In doing so you should consider the context of the terms in reference to the agreement as a whole, the purpose to be achieved, the situation of the parties and the surrounding circumstances in entering the agreement, and the apparent objective of the parties.

You may also consider the history of the transaction and negotiation of the parties as relates to the consulting agreement in order to understand the intended meaning of the discounted phrases.

You should consider the whole contract, not just isolated parts, using each part to help you interpret the others, so that all the parts make sense when taken together.

**PLAINTIFFS' PROPOSED SPECIAL INSTRUCTION  #7.**

**IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING. (See ABA STANDARD FORM JURY INSTRUCTION § 89:59):**

There is an implied promise of good faith and fair dealing in every contract. This means that each party is deemed to have promised not to do anything to destroy the benefit that the other party was to receive under the contract.

**PLAINTIFFS' PROPOSED SPECIAL INSTRUCTION  #8.**

**ADVERSE INFERENCE JURY INSTRUCTION.**

(Plaintiffs have moved for an adverse-inference jury instruction (See DKT. #185) that states as follows:)

You are instructed that the Court has found that the Defendant, in violation of the Court's multiple orders, deliberately refused to produce documents to show its revenue, cost of goods sold, transportation expenses, and direct labor expenses.

Defendant claims to now have produced documents to show and allow verification of all revenue, costs of goods sold, transportation expense, and direct labor expense, for any transaction related in any way to any of the following: the provision to FEMA of water from any source; storage of the water; delivery of the water to Puerto Rico or any other location; containers, supplies, and equipment used in connection with the provision, storage, or transportation of the water; and the provision, storage, or transportation of any such containers, supplies, and equipment.

You may infer that no other records to support the claimed expenses exist but for the records that are before you here.  You may also infer that any other documents would have been unfavorable to the Defendant.

**PLAINTIFFS' PROPOSED SPECIAL INSTRUCTION  #9.**

**INTRODUCTION TO CONTRACT DAMAGES DETERMINATION OF AMOUNT DUE AND OWED (Modified version of Florida Supreme Court Jury Instruction 504.1 and  504.2)**

If you find for Team Systems International, LLC you will not consider the matter of damages. But, if you find for Plaintiffs, GPDEV, LLC and Simons Exploration, Inc., must  you should award GPDEV, LLC and Simons Exploration, Inc., an amount of money that the greater weight of the evidence shows will fairly and adequately compensate them for their damages. You shall consider the following damages:

Compensatory damages is that amount of money which will put Plaintiffs GPDEV, LLC and Simons Exploration, Inc., in as good a position as they would have been if Team Systems International, LLC had paid Plaintiffs pursuant to the Consulting Agreement and any modifications.

## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,
     Plaintiffs,

v.                            **Case No.: 4:18-cv-00442-RH-CAS**

TEAM SYSTEMS INTERNATIONAL,
LLC,
     Defendant.

_____/

## **<u>VERDICT FORM</u>**

We the Jury find as follows:

     1. Was the parties' consulting agreement orally modified by express or

implied understanding for Nestle bottled water and other water suppliers

introduced by Plaintiffs to be covered under FEMA's bottle water supply contract

with TSI?

Yes_____

No_____

(If you answered YES to question 1, please skip question 2 and proceed answer

questions 3 and 4 only.  If you answer NO to question 1, please answer question 2

and also answer questions 3 and 4).

2. Did Plaintiffs reach a separate agreement only with Mr. Simons, acting for himself, to compensate only him with respect to Nestle water provided to FEMA?  If yes, how much is owed to Mr. Simons pursuant to that agreement?

Yes————: Amount that may be owed:_____

No_____

3.  Do you find that  parties' consulting agreement required TSI to pay Plaintiffs 25% of all net profits realized from TSI's bottled water supply contract with FEMA and task orders thereunder, including any task order modification directed by FEMA for drop trailer delivery and storage?

Yes_____

No_____

4.      What is the correct amount of net profits that TSI owes to Plaintiffs,

considering properly documented costs and expenses directly and fairly related to

TSI's performance of FEMA requirements under the bottled water supply contract

with TSI?

Amount_____

(Please do not include interest that may be due on any amount.)

Respectfully submitted this 24th day of September, 2020.

*s/ Leonard M. Collins*
LEONARD M. COLLINS (FBN 423210)
GrayRobinson P.A.
301 S. Bronough Street
Suite 600
Tallahassee, FL
Telephone: (850) 577-9090
Leonard.Collins@gray-robinson.com
madison.harrell@gray-robinson.com

and

M. Stephen Turner P.A.
215 South Monroe Street, Suite 400
Tallahassee, FL  32301
Telephone: 850.681.6810
Mstephenturner.pa@gmail.com

**Attorneys for Plaintiffs, GPDEV, LLC and
Simons Exploration, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 24th day of September, 2020, by CM/ECF electronic filing to the Clerk of Court and to the following:

Randall Leshin
RANDALL LESHIN, P.A.
1975 E. Sunrise Blvd., Ste. 504
Ft. Lauderdale, FL 33304
rleshin@leshinlawfirm.com
email@leshinlawfirm.com

**Attorneys for Defendant, Team Systems International**

19