UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

Plaintiffs,                                    CASE NO.: 4:18-cv-00442-RH-MAF

vs.

TEAM SYSTEMS INTERNATIONAL,
LLC,

Defendant.
_____/

## DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSES TO ADD DEFENSE OF ILLEGAL CONTRACT, WITH INCORPORATED MEMORANDUM OF LAW

Defendant, Team Systems International, LLC ("TSI"), moves to amend its Affirmative Defenses to add a defense of Illegal Contract. As grounds, TSI states:

1. Plaintiffs filed this suit claiming a commission or success fee under a Consulting Agreement where they were to procure a supply of water from Niagara Bottling, LLC, and TSI was to sell that water to the government. (ECF 1-3.)

2. TSI filed eight Affirmative Defenses. (ECF 67 at 5-6.) TSI's filing stated: "Defendant expressly reserves the right to amend the … Affirmative Defenses to include any additional defenses … including but not limited to any facts which, at trial … may reveal such additional defenses…" (ECF 67 at 6-7 ¶ 9.)

3. At trial, Plaintiffs have claimed that Plaintiffs are entitled to a 25% success

1

fee on all income under the FEMA MATOC, merely for succeeding in helping TSI secure the FEMA contract by arranging for Niagara Bottling, LLC to be a water provider for TSI's bid team. Plaintiffs essentially claim that their work was finished under the Consulting Agreement when the MATOC was issued.

4. Therefore, the Court should deem TSI's Affirmative Defenses to be amended to include the following:

> NINTH AFFIRMATIVE DEFENSE: Plaintiffs' claims are barred because they depend on an interpretation of the Consulting Agreement (that Plaintiffs are entitled to a success fee on all income under the MATOC merely for succeeding in helping to obtain the contract) which renders it an illegal contract with an unlawful contingent fee in violation of 41 U.S.C. § 3901(b)(1) and FAR 52.203-5, and thus the Consulting Agreement is unenforceable.

## MEMORANDUM OF LAW

5. "The court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence…." Fed. R. Civ. P. 15(b)(2).

6. If, as Plaintiffs claim, they are entitled to a success fee on all income under the MATOC merely for succeeding in obtaining the federal contract, the success fee would be an unlawful contingent fee, and the Consulting Agreement would be an illegal and unenforceable contract. *See Quinn v. Gulf & W. Corp.*, 644 F.2d 89, 92 (2d Cir. 1981) ("It is well established that a contract between private parties for a

contingent fee, in violation of Federal Procurement Regulations, will not be enforced.").

7. Federal Acquisition Regulation ("FAR") 52.203-5 requires that federal contracts include a covenant and warranty against contingent fees, defined as "any commission, percentage, brokerage, or other fee that is contingent upon the success that a person or concern has in securing a Government contract." This FAR was incorporated into the RFP and MATOC. (*See* ECF 89-4 at 34.)

8. The FAR is rooted in a federal statute. 41 U.S.C. § 3901(b)(1). As a penalty, the government may "annul the contract without liability or deduct from the contract price or consideration the full amount of the commission, percentage, brokerage, or contingent fee." 41 U.S.C. § 3901(b)(2).

9. Accordingly, justice requires granting leave to add an Affirmative Defense of Illegal Contract. "[C]ourts should allow amendments to conform the pleadings to the evidence … during trial … as long as the opposing party cannot prove that he is thereby prejudiced[.]" *Harris v. Garner*, 216 F.3d 970, 996 (11th Cir. 2000). Plaintiffs cannot prove any prejudice here.

**WHEREFORE**, the Court should grant this motion and deem TSI's Affirmative Defenses to be amended to include a Ninth Affirmative Defense (Illegal Contract), as set forth under paragraph 4, above.

Respectfully submitted,

Wayne LaRue Smith, Esq.                                    Date: August 24, 2021
*Counsel for Team Systems International, LLC*
THE SMITH LAW FIRM
509 Whitehead Street
Key West, FL 33040
Telephone: 305-296-0029
Facsimile: 305-296-9172
wsmith@thesmithlawfirm.com
court-filings@thesmithlawfirm.com

By: /s/ *Wayne LaRue Smith*
Wayne LaRue Smith
Florida Bar No. 31410

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2021, the foregoing has been filed through the Court's CM/ECF E-Filing system and copies served via this Court's electronic filing system on the parties listed below.

### SERVICE LIST

| *Counsel for Plaintiffs* | *Co-Counsel for Defendant* |
|---|---|
| Leonard M. Collins | **Randall Leshin, Esq.** |
| GrayRobinson P.A. | **Randall Leshin, P.A.** |
| 301 S. Bronough Street | **1975 E. Sunrise Blvd., Ste. 504** |
| Suite 600 | **Ft. Lauderdale, FL 33304** |
| Tallahassee, FL | **Telephone: (954) 941-9711** |
| Telephone: (850) 577-9090 | rleshin@leshinlawfirm.com |
| Leonard.Collins@gray-robinson.com | email@leshinlawfirm.com |
| Madison.Harrell@gray-robinson.com | |
| | |
| M. Stephen Turner P.A. | Steven R. Kozlowski, Esq. |
| 215 South Monroe Street, | Fla. Bar No. 0087890 |

4

Suite 400  
Tallahassee, FL 32301  
Telephone: (850) 681-6810  
Mstephenturner.pa@gmail.com

Kozlowski Law Firm., P.A.  
4300 Biscayne Blvd., Suite 203  
Miami, Florida 33137  
Tel: (305) 673-8988  
Steven@KLFPA.com

/s/ Wayne LaRue Smith  
WAYNE LaRUE SMITH  
Florida Bar No. 0031410  
BRETT TYLER SMITH  
Florida Bar No. 0085412  
THE SMITH LAW FIRM,  
a professional association  
Counsel for Defendant  
509 Whitehead Street  
Key West, Florida 33040  
T: (305) 296-0029  
F: (305) 296-9172  
E: Court-Filings@thesmithlawfirm.com

5