## THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

GPDEV, LLC and
SIMONS EXPLORATION, INC.,

      Plaintiffs,

v.                         CASE NO. 4:18cv442-RH-MAF

TEAM SYSTEMS
INTERNATIONAL, LLC,

      Defendant.

_____/

## ORDER DENYING A STAY PENDING APPEAL

This breach-of-contract action was tried to a jury. The jury resolved the

disputed factual issues in the plaintiffs' favor and awarded damages. Judgment was

entered on the verdict. The defendant filed a notice of appeal and moved to stay

execution on the judgment without posting a supersedeas bond or other security.

The defendant later filed an emergency motion to stay because the time at which

the plaintiffs could execute was approaching. A prior order denied the emergency

motion and indicated an explanation would follow. This order provides the

explanation and denies the original motion to stay.

# I

The defendant asserts, and the plaintiffs apparently agree, that a stay pending appeal of a money judgment is governed by the four-part test that applies to appeals from injunctions. That is not so. One court correctly put it this way: "Defendant's reliance on the 'four-part test' is misplaced because that standard governs non-monetary judgments—i.e., injunctive orders. . . . Here, the Final Judgment awarded only monetary relief. Thus, the four-part test . . . is inapplicable." *Center for Individual Rights v. Chevaldina*, 2019 WL 7370412 (S.D. Fla. Oct. 29, 2019); see also Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.O., 210 F.3d 1309, 1313 (11th Cir. 2000) (describing the four-part test as applicable "[i]n the case of a non-money judgment").

The different treatment corresponds with the different subsections of Federal Rule of Civil Procedure 62. Rule 62(a) provides an automatic 30-day stay of execution on any judgment unless the court orders otherwise. Rule 62(b), for money judgments, and Rule 62(c), for injunctions and the like, govern stays beyond the 30 days. Rules 62(d) through 62(h) address specific circumstances not involved here.

The provision that applies to the defendant's motion here is Rule 62(b): "At any time after judgment is entered, a party may obtain a stay by providing a bond

Case 4:18-cv-00442-RH-MAF   Document 322   Filed 11/08/21   Page 3 of 7

Page 3 of 7


or other security. The stay takes effect when the court approves the bond or other

security and remains in effect for the time specified in the bond or other security."

As the rule makes clear, the defendant could obtain a stay of the money

judgment at issue by posting a bond or other security. If the defendant prevails on

appeal—this is unlikely—the defendant will recover its costs, including the

premium for any bond. In this respect this case is just like the thousands of other

cases in which a money judgment has been entered and an appeal has been taken.

There is nothing at all unusual about this case—and nothing that calls for different

treatment.

To be sure, a district court has discretion to stay a money judgment based on

a lower bond or other security or indeed without requiring a bond or other security

at all. *See, e.g.*, *Campbell v. Rainbow City, Ala.*, 209 F. App'x 873, 874 (11th Cir.

2006) ("Rainbow City did not ask the district court to stay the judgment without

requiring a bond, as the district court had the authority to do."). Most courts have

held that this discretion may be exercised only in "extraordinary circumstances

where the moving party 'objectively demonstrates' that there is reason to do so."

*Delta Health Grp., Inc. v. Royal Surplus Ins. Co.*, 2008 WL 4372876 *1, *1 (N.D.

Fla. Sept. 24, 2008) (citing *Poplar Grove Planting & Ref. Co. v. Bache Halsey

Stuart, Inc.*, 600 F.2d 1189 (5th Cir. 1979)); *see also SunTrust Bank v. Ruiz*, 2015

WL 11216712 *1, *2 (S.D. Fla. Aug. 16, 2015) (adopting narrow prerequisites to a

reduction or elimination of security); *United States v. O'Callaghan*, 805 F. Supp. 2d 1321, 1326 (M.D. Fla. 2011) (same).

In any event, the burden is on the judgment debtor—usually the defendant—to "objectively demonstrate the reasons" for any departure from "the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment." *Poplar Grove*, 600 F.2d at 1191. The defendant apparently asserts it is financially unable to post a bond, but its unsupported assertion falls short of an objective demonstration, especially in light of the defendant's record of demonstrably false assertions in this litigation. And the defendant's assertion that it cannot afford a bond makes all the more reasonable the plaintiffs' insistence that the defendant post one. As a matter of discretion, I conclude that the judgment should be stayed only upon posting of a bond or other security in the full amount of the judgment.

## II

The result would be the same even if, as the defendant asserts, stay of a money judgment was governed by the same four-part test that applies to stays of injunctions and the like. The four parts are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4)

where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The defendant has satisfied none of the four parts.

First, the defendant is unlikely to prevail on the merits on appeal. To the contrary, the plaintiffs' case on the merits was strong. The parties' contract required the defendant to pay the plaintiffs 25% of net income received by the defendant on its bottled-water contract with the Federal Emergency Management Agency. This was 12.5% for each of the two plaintiffs. As written, the contract applied to water obtained through Niagara Bottling, LLC. But when Hurricane Maria hit Puerto Rico, more water was needed more quickly than was available from Niagara alone. The defendant implored the plaintiffs to find more water: "the more the better." The plaintiffs arranged to acquire water not just through Niagara but also through Nestle Waters.

Under Florida law, a contract may be modified by the parties' conduct. The plaintiffs say the contract was modified by conduct to apply to Nestle Waters. The properly instructed jury agreed and, based on the evidence presented at trial, could hardly have reached a contrary conclusion. Indeed, the defendant initially paid one of the plaintiffs 12.5% of the net income on Nestle water, making clear that the original limitation to Niagara water had been modified. The defendant asserted it made the payment not based on modification of the 25% contract but based on a

separate, stand-alone 12.5% contract with just one of the plaintiffs. But this made no sense and had no support in the evidence introduced during the trial. The jury got it right.

To be sure, while the evidence of liability was strong, the measure of damages presented a closer issue. But on any reasonable view, the damages were substantial, and there was evidence supporting the plaintiffs' position. The defendant did not move for a remittitur. The likelihood that the defendant will prevail on appeal on its challenge to the amount of the award—a challenge never made in this court—is low. And the defendant now seeks not to limit the amount of a supersedeas bond but to avoid posting one altogether. With the low likelihood of success on the issue of liability, the defendant is not entitled to a stay.

The other parts of the four-part test also do not support the defendant.

The issue is money. The defendant will suffer no harm, other than payment of a premium or, if the defendant posts no bond, payment of damages duly awarded by a jury—a payment that the defendant will be entitled to recoup from the plaintiffs in the unlikely event the defendant prevails on appeal. Nothing about this will be irreparable. On the other side, if a stay is issued, and if, as the defendant asserts, it cannot afford a bond, the risk of loss to the plaintiffs will be substantial—if the defendant cannot post a bond, its ability to pay the judgment is in doubt today and will likely be in greater doubt as time passes. Finally, the public

interest is not served by allowing a party to avoid paying a judgment duly entered

after a full and fair trial.

III

For these reasons,

IT IS ORDERED:

The motion for a stay pending appeal, ECF No. 312, is denied.

SO ORDERED on November 8, 2021.

                                    s/Robert L. Hinkle
                                    United States District Judge