**EXHIBIT**
**1**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

Case No.: 4:18-cv-00442-RH-CAS

        Plaintiffs,

v.

TEAM SYSTEMS INTERNATIONAL,
LLC,

        Defendant.

_____/

## GPDEV, LLC AND SIMONS EXPLORATION, INC.'S
## FIRST REQUESTS FOR PRODUCTION IN AID OF EXECUTION TO
## TEAM SYSTEMS INTERNATIONAL, LLC

To:   Team Systems International, LLC

c/o   ALL COUNSEL OF RECORD

## I.    PROCEDURES

A.    PROCEDURES.  This discovery request (the "Request") is submitted

pursuant to Federal Rule of Civil Procedure 69 and Florida Rule of Civil Procedure

1.560.  PLAINTIFFS' requests that, within 30 days hereof, DEFENDANT, Team

Systems International, LLC (hereinafter "you" or "Defendant") produce its

responses electronically to Gray Robinson, P.A., c/o Leonard M. Collins, 301

Bronough Street, Suite 600, Tallahassee, FL 32301, or such other location as counsel

for the parties may agree.  Unless otherwise stated, all definitions and procedures apply to all Requests for Production.

B.     TIME.  Unless otherwise stated, the Requests for Production cover November 29, 2017 through to present.

C.     CONTINUING.  These discovery requests are continuing in nature. The responses are to be changed promptly upon receipt of more and/or different information by the DEFENDANT in accordance with Fed. R. Civ. P. 26(e).

## II.     DEFINITIONS

A.     "Action" means this proceeding, captioned above, currently pending in the "UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION", bearing case number "4:18-cv-00442-RH-MAF".

B.     The term "Plaintiffs" means the plaintiffs in this action, GPDEV, LLC AND SIMONS EXPLORATION, INC.

C.     "Person" means any natural person, association, business, partnership, corporation, firm, organization, or other legal entity.

D.      "Defendant," "TSI", "you," "your," and "yourself," whether capitalized or not, means Team Systems International, LLC, including its officers, directors, agents, servants, employees, attorneys, corporate parents, insuring

subsidiaries, affiliates, divisions, predecessors and successors, and any other persons or entities acting or purporting to act on its behalf during the relevant time period.

      E.      "Relevant Time" means November 29, 2017 to present.

      F.      "Document" or "documents" means written, printed, typed, recorded, or electronically stored information (ESI) and data of every type or description, including, without limitation, all things constituting documents and electronically stored information which are discoverable pursuant to Rule 34 and 69 of the Federal Rules of Civil Procedure and Rule 1.560 of the Florida Rules of Civil Procedure. Documents include drafts, revisions, or final versions of e-mails, attachments, enclosures, electronic documents, and paper documents, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations, or notations.

      G.      "Copy" or "copies" means the authentic duplicates of the originals as noted, kept, maintained, and organized in the ordinary course of business.

      H.      "Electronically Stored Information" or "ESI" includes, but is not limited to, the following:

           1.      All items covered by Fed. R. Civ. P. 34(a)(1)(A);

           2.      Information or data that is generated, received, processed, and recorded by computers and other electronic devices, including metadata (e.g., author, recipient, file creation date, file modification date, etc.);

3

3.      Files, information, or data saved on backup media;

4.      Internal or external websites;

5.      Output resulting from the use of any software program, including, without limitation, automatically saved versions of documents, word processing documents, spreadsheets, database files, charts, graphs and outlines, email, instant messenger (or similar digital messaging programs), bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside, regardless of whether said electronically stored information exists in an active file, deleted file, or file fragment; and

6.      Activity listings of electronic mail receipts and/or transmittals, and any and all items stored on computer memories, hard drives, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, digital voicemail, personal digital assistants (e.g. iPhone, iPad), handheld wireless devices (e.g. tablets, BlackBerrys, smartphones), or similar devices, and file folder tabs, or containers and labels appended to, or relating to, any physical storage device associated with each original or copy of all documents requested herein.

## III.   <u>INSTRUCTIONS</u>

A.    This Request seeks all documents requested in the section below, entitled "Requests For Production," that were dated, created, produced, sent, or received at any point during period of time from November 29, 2017 to the present, unless otherwise specified.

B.    To the extent practicable, and without obscuring any information on or ESI in a document, each page of a document produced in response to this Request should be marked in the lower right-hand corner with a Bates number that contains an identifying logo, or the first three letters of Your name, and numbered sequentially beginning with "000001" and indicating in the bates number that the production is in aid of execution (to differentiate between previously served TSI documents). If it is not practicable to mark each page of a document with the Bates number (e.g., electronic data bases or spreadsheets, or audio or video recordings), then either the first page of the document should be marked or some other method should be employed in order to uniquely identify the document and show that You produced it pursuant to this Request.

C.    Each request herein should be construed independently and not with reference to any other request, unless otherwise stated.

D.    In responding to the following requests, You should furnish all Documents that are in the possession, custody, or control of Yourself, Your agents,

attorneys, representatives, assignees, successors in interest, divisions or affiliates, and/or all other persons acting on Your behalf.  In determining where responsive documents might be located, You are requested to search any equipment or media that contains "Documents" as defined herein, whether maintained by You, a subsidiary, or a third party, including but not limited to: laptops, notebooks, smartphones, handheld wireless devices, other portable computers, personal computers, workstations, minicomputers, or mainframes, whether used by single or multiple users, or as servers or storage facilities, and any home computers used for work-related purposes, including backup disks and tapes, archival disks and tapes, and other storage media.  You are requested, for example, to search Your electronic mail messages, wherever available, including computers maintained by You, backup and archival tapes and disks, and electronic mail servers operated by Your service provider if that is where Your electronic mail is stored.

E.     All documents responsive to these document requests shall be produced with all metadata contained within such documents in the usual course of business.

1.     ESI should not be produced in a form that removes or degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

F.     If You claim any form of privilege or any other objection, whether based on statute, common law or otherwise as a ground for not producing any

requested document, please furnish a list identifying each document for which the privilege or other objection is claimed, together with the following information:

1.      The privilege being asserted;

2.      The person or entity on whose behalf the privilege is asserted;

3.      A precise statement of the facts upon which the claim of privilege is based;

4.      The following information describing each purported privileged document:

5.      A brief description sufficient to identify its nature, i.e., agreement, letter, memorandum, tape, etc.;

6.      The subject matter and purpose of the document;

7.      The date it was prepared;

8.      The date the document bears;

9.      The date the document was sent;

10.     The date it was received;

11.     The identity of the person preparing it;

12.     The identity of the person sending it;

13.     The names of the persons who received the document;

14.     The identity of each person to whom it was sent or was intended to have been sent, including all addressees and all recipients of copies;

15.     All persons to whom its contents have been disclosed;

16.     A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such a file; and

17.     A statement as to whom each identified person represented or purported to represent at all relevant times.

G.     If a portion of any document responsive to these requests is withheld under claim of privilege pursuant to ¶ J of the Instructions, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe to the best of Your knowledge, information and belief, and with as much particularity as possible, those portions of the document that are not being produced.

## REQUESTS FOR PRODUCTION

1. All books, bank records, logs, journals, checkbooks, canceled checks, notes, statements, or any other documents reflecting deposits, withdrawals transfers, wire transfers, Automated Clearing House (ACH) transfers, or any form of Electronic Funds Transfers (EFT) (e.g. Zelle, Venmo, PayPal), and balance of any checking account, savings account, certificate of deposit, money market account, mutual fund account, credit card account or line of credit in which TSI had or has any interest, whether solely or with third parties from November 29, 2017 to the present.

2. Monthly statements for every checking and savings account owned by TSI November 29, 2017 to the present.

3. All documents evidencing the transfer of any property exceeding $500 from November 29, 2017 to the present.

4. Any and all contracts where TSI contracted to provide goods or services to the U.S. Government, to any government or to any other corporate entity.

5. All communications between TSI and any of its members or employees and FEMA from January 1, 2019 to the present.

6. All communications between TSI and any of its members or employees and the Defense Logistics Agency from January 1, 2019 to the present.

7. All mortgages or any other documents reflecting any security interest of any party in any interest in real property held by you, either individually or with other parties.

8. All certificates of title, bills of sale, invoices, correspondence, certificates of authenticity, or other documents are reflecting ownership or other interests held by you, either individually or with other parties, in any motor vehicle, mobile home, boat, vessel, art, antiques, furniture, stamps, coins, or another article of personal property.

9. All stocks, bonds, coupons, promissory notes, mortgages, savings bonds, treasury bills, or other securities owned by you, or in which you have any interest, either individually or with other parties, together with all correspondence, notes, memoranda, books, records or any other documents

are reflecting ownership or value of any interest held in any of the foregoing by you, either individually or with other parties.

10. All books, records, journals, ledgers, federal or state income tax returns, IRS Forms W-2, 1099 or K-l, payroll check stubs, and any other documents reflecting salaries, bonuses, compensation, distributions or income paid by you from November 29, 2017 to the present.

11. All income tax returns which you have filed since 2017.

12. All security agreements, pledge agreements, and other documents evidencing security interests in and personal property, chooses in action, intangibles, and accounts receivable owned by you.

13. Copies of all financial statements, including all income statements, balance sheets and statements of cash flow prepared for TSI or on its behalf.

14. All documents reflecting outstanding accounts receivable that third parties are obligated to pay to you.

15. All documents reflecting safe deposit boxes currently rented by or accessible to you.

16. All documents reflecting federal social security benefits paid to you.

17. All documents reflecting payments to you by pension or vacation funds.

18. All documents reflecting payments to you by state unemployment or workers' compensation agencies.

19. All corporate resolutions of TSI from November 29, 2017 to the present;

20. All corporate charters or other governing documents of TSI.

21. All meeting minutes of TSI member meetings from November 29, 2017 to the present.

22. All documents that document TSI's accounts receivable or other corporate sources of income.

23. All employment agreements to which you are a party.

24. All documents reflecting the names and positions of shareholders, managing members, or other corporate owners of TSI.

25. All records of agreement adding Chris Mott as member of Teams Systems International, LLC.

26. All records of agreement adding John Maciorowski as member of Teams Systems International, LLC.

27. All records documenting member payment distributions from Team Systems International, LLC to Steve Acosta per his membership interest.

28. All records documenting member payment distributions from Team Systems International, LLC to Deborah Mott per her membership interest.

29. All records documenting member payment distributions from Team Systems International, LLC to Chris Mott per his membership interest.

30. All records documenting payment from Team Systems International, LLC to Luis A. Ayala Colon Sucrs Inc.

31. All records documenting payment from Luis A. Ayala Colon Sucrs Inc. to any member of Team Systems International, LLC (individually).

32. All records documenting member payment distributions from Team Systems International, LLC to John Maciorowski per his membership interest.

33. All records of RFPs, RFQs or any similar document(s) applying to the Federal Government in order to contract for services offered by Team Systems International, LLC from November 29, 2017, through the date of this request.

34. All records of Team Systems International, LLC's tax filings in the State of California.

35. All records establishing and regarding the relationship between Team Systems International, LLC and Team Systems International Pacific, LLC.

11

36. All records establishing and regarding the relationship between Team Systems International, LLC and TSI Gulf Coast, LLC.

37. All records establishing and regarding the relationship between Team Systems International, LLC and Team Systems International Southeast, LLC.

38. All records relied upon in preparing Team Systems International, LLC's tax returns from November 29, 2017, through the date of this request.

39. All records of, and including, Team Systems International, LLC's operating agreement and any and all amendments to the operating agreement from date of preparation through date of this request.

Respectfully submitted this 29th day of October, 2021.

        *s/ Leonard M. Collins*
        LEONARD M. COLLINS (FBN 423210)
        GrayRobinson P.A.
        301 S. Bronough Street
        Suite 600
        Tallahassee, FL
        Telephone: (850) 577-9090
        Leonard.Collins@gray-robinson.com

        and

        M. Stephen Turner P.A.
        215 South Monroe Street, Suite 400
        Tallahassee, FL  32301
        Telephone: 850.681.6810
        Mstephenturner.pa@gmail.com

        ***Attorneys for Plaintiffs, GPDEV, LLC and Simons Exploration, Inc.***

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

                                      Case No.: 4:18-cv-00442-RH-CAS

           Plaintiffs,

v.

TEAM SYSTEMS INTERNATIONAL,
LLC,

           Defendant.

_____/

## PLAINTIFFS' FIRST SET OF
## INTERROGATORIES IN AID OF EXECUTION

      The Plaintiffs', GPDEV, LLC and Simons Exploration, Inc., submits the following interrogatories in aid of execution to the Defendant, Team Systems International, LLC, Pursuant to Fed. R. Civ. P. 33, 69, Fla.R.Civ.P 1.560:

LEONARD M. COLLINS (FBN 423210)             October 29, 2021
GRAY ROBINSON, P.A.
301 Bronough Street,
Suite 600,
Tallahassee, FL 32301
*Attorneys for Plaintiffs, GPDEV, LLC*
*and Simons Exploration, Inc.*

By: *ered Leonard Collins_____*
   Leonard M. Collins (FBN 423210)

## DEFINITIONS

1. The terms "You" and "Your" refer to TEAM SYSTEMS INTERNATIONAL, LLC, including any agents, representatives, or attorneys of TEAM SYSTEMS INTERNATIONAL, LLC, and/or any other person acting for or on behalf of TEAM SYSTEMS INTERNATIONAL, LLC.

2. "And" and "or," as well as the term "and/or" shall each be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory any information that might otherwise be construed to be outside of its scope.

3. "Any" shall include "all," and "all" shall include "any."

4. "Including" shall be construed as "including but not limited to."

5. The terms "relating to," "regarding," or "concerning" shall each mean, directly or indirectly, with respect to, referring to, mentioning, pertaining to, or in any way legally, logically, or factually connected with the subject matter discussed, whether in whole or in part.

6. The term "document(s)" is used in its customarily broad sense as established in Fed. R. Civ. P. 34(a)(1), and shall mean all electronically stored information ("ESI"), writings or recordings of any kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, including without limitation the originals and all non- identical copies, whether

different from the original by reason of any notation made on such copies, any attachments to such copies, or otherwise, and including, but not limited to, correspondence, emails, memoranda, notes, records, letters, facsimiles, checks, invoices, worksheets, instant messages, bulletins, studies, analyses, contracts, agreements, reports and/or summaries, minutes or other memorializations of meetings and conferences, records of intra-office to inter-office telephone calls and messages, photographs, films, audio and video tapes, computer tapes, computer diskettes, data files, printouts, all other data compilations from which information can be obtained (translated, if necessary, by the responding party into usable form), together with any preliminary versions, drafts, annotated and otherwise non-identical copies of such documents.

7.     The term "evidence" includes all individuals or entities with information, the substance of the information, and any documentary evidence.

8.     The term "identify," when used in reference to:

a.     An individual, shall mean to state his or her full name and present or last known address, telephone number, e-mail address, present or last known position or business affiliation (designating which), and job description; and

b.     An entity, including any firm, partnership, corporation, proprietorship, or association, among others, shall mean to state its full name

and present or last known address (designating which), and to state the name and address of each person within the entity likely to have knowledge; and

      c.    A document, shall mean to describe the document by date and subject matter, identify the person or persons that authored, wrote, signed, initialed, dictated, or otherwise participated in the creation of the document, and identify the name, address, telephone number, and e-mail address of the person who has custody of the document.

9.    The term "person" shall refer to any natural person, corporate or other business entity, partnership, group, association, governmental entity, or any other legal or de facto organization, together with their officers, directors, employees, partners, agents, or other entities acting on their behalf.

10.    The time period covered by these interrogatories is from the last four (4) years to the present, unless stated otherwise.

## INSTRUCTIONS

1.       For the convenience of the Court and all parties, please restate each Interrogatory immediately above your answer to that Interrogatory. Upon request, Defendant will submit a Word copy of these Interrogatories to opposing counsel to facilitate this request.

2.       Please refer to the definitions provided herein when responding to these Interrogatories. The definitions are provided for purposes of clarity and conciseness. If there is any question with respect to the meaning of any phrase or word included in the discovery request, please contact the undersigned for clarification. By so doing, the parties will be able to move forward with discovery in an orderly and timely manner.

3.       If you claim that any Interrogatory seeks information that is beyond the scope of permissible discovery, please identify and explain each and every ground on which such claim or objection rests with as much specificity as possible.

4.       If you find any word or term stated in these Interrogatories to be vague, ambiguous, subject to varying interpretations, or unclear, please state what portion of the Interrogatory you find to be vague, ambiguous, subject to varying interpretations, or unclear, state your understanding of the Interrogatory or term, and respond in accordance with that understanding.

5.     If you decline to fully answer any of these Interrogatories or object on the basis of any asserted privilege, then please state in detail the nature of the privilege, all grounds relied upon to assert the privilege, and whether there are any documents or communications that may contain information responsive to the Interrogatory and whether you are withholding such documents or communications pursuant to the same asserted privilege.

6.     These Interrogatories shall be deemed continuing as to require prompt supplemental responses if new information is discovered or obtained at any time through the completion of trial.

# INTERROGATORIES

1.      Identify and describe your revenue/income during the time period between November 29, 2017 and the present, including but not limited to:

(a)     All sources of income, revenue, or remuneration of any kind, including payments for goods and services, interest income, operating income, payments on accounts receivables, commissions, agency fees, loan repayments, rents, royalties, license fees, dividends, distributions, payments relating to sales of assets, equipment, or inventory, payments on contracts, or any other payment or remuneration you received in connection with the operation of Team Systems International, LLC.

(b)     Income declared on state and federal income tax returns, and all related forms and schedules (including all amended returns, forms, and schedules) filed during or relating to the relevant time period.

(c)     Income identified on financial statements, balance sheets, income statements, cash flow statements, and loan applications prepared or submitted by you or on your behalf from November 29, 2017 to the present.

ANSWER:


2.      Identify all documents evidencing your revenue/income referenced in Interrogatory No. 1, above.

ANSWER:

3.      Identify and describe all debts and liabilities you owed or incurred from November 29, 2017 to the present, including:

(a)The name, address, and telephone number of the creditor.
(b)The amount owed.
(c)When the debt was incurred and for what reason.
(d)Whether all or any portion of the debt is paid.
(e)When all or any portion was paid.
(f)Whether the debt is secured and, if so, how it is secured.
(g)Any remaining balance on all such debts.

ANSWER:


4.      Identify all documents evidencing your debts and liabilities referenced in Interrogatory No. 3, above.

ANSWER:


5.      Identify all legal actions in which you have been or are a party during the relevant time period (from November 29, 2017 to the present), including:

(a)The title of the case.
(b)The name of the court where the action is or was pending.
(c)The docket number of the case.

ANSWER:

6.      Identify all banks, brokerage firms, investment firms, or other financial institutions for any account which you currently own, hold, or claim an interest in, in whole or in part, or owned, held, or claimed an interest in, in whole or in part, from November 29, 2017 to the present including:

(a)The bank, investment firm, or other financial institution name, address, and telephone number.
(b)The name under which the account is titled.
(c)The account number.
(d)The account type.
(e)The account balance from November 29, 2017 to present.
(f)The identity of any third parties who possess or claim to possess an ownership interest in the property.
(g)Any debts, liabilities, liens, or other encumbrances against the accounts.

ANSWER:


7.       Identify all documents evidencing your interest in any accounts at banks, brokerage firms, investment firms, or other financial institutions, referenced in Interrogatory No. 6, above.

ANSWER:

8.   Identify and describe any and all other tangible corporate property of Team Systems International, LLC, with a purchased value over $500.00 which you currently own, hold, or claim an interest in, directly or indirectly, in whole or in part, or owned, held, or claimed an interest in, directly or indirectly, in whole or in part, from November 29, 2017 to the present, including:

   (a)The type of property, including, but not limited to:
       (i)Goods.
       (ii)Equipment and machinery.
       (iii)Inventory.
       (iv)Trade fixtures.
       (v)Tools.
       (vi)Office equipment and furniture.
       (vii)Computer equipment and networks.
       (viii)Household furnishings, appliances, electronics, computer equipment, televisions, stereos, audiovisual equipment, and fixtures.
       (ix)Jewelry, artwork, antiques, and collectibles.
       (x)Clothing.
       (xi)Cash.
       (xii)Precious metals.
   (b)The property's current location.
   (c)The property's purchase price.
   (d)The current fair market value.
   (e)How you acquired an ownership interest or claim in the property.
   (f)Your current ownership interest or claim in the property.
   (g)The identity of any third parties who possess or claim to possess an ownership interest in the property.
   (h)Any debts, liabilities, liens, or other encumbrances against the property.

   ANSWER:

9.   Identify all documents evidencing your interest in any and all other tangible corporate property, referenced in Interrogatory No. 8, above.

   ANSWER:

10.     Identify and describe all of your affiliates, subsidiaries, parent companies, holding companies, or any other company that has or claims an interest in the judgment debtor, including the name, address or location, and state or country of incorporation organization of any such entity, and the nature of your affiliation or corporate or other organizational relationship with any such entity.

        ANSWER:


11.     Identify all corporations, subsidiaries, limited liability companies, trusts, partnerships, or other business entity of any kind or nature in which you currently own, hold, or claim an interest in, in whole or in part, or owned, held, or claimed an interest in, in whole or in part, during the relevant time period, and describe that relationship.

        ANSWER:


12.     Identify all documents evidencing your interest in any corporations, subsidiaries, limited liability companies, trusts, partnerships, or other business entity, referenced in Interrogatory No. 11, above.

        ANSWER:

13.    Identify and describe all intangible property with a value over $500.00 you currently own, hold, or claim any type of interest in, directly or indirectly, in whole or in part, or owned, held, or claimed any type of interest in, directly or indirectly, in whole or in part, from November 29, 2017 to the present, including:

      (a)The type of intangible property, including but not limited to any and all:
           (i)Contracts.
           (ii)Security agreements.
           (iii)Stocks, bonds, or other evidence of ownership, equity, or investment in any business entity, including number of units owned.
           (iv)Patents, copyrights, trademarks, or other evidence of intellectual property rights.
           (v)Accounts receivable.
           (vi)Notes receivable.
           (vii)Corporate goodwill.
           (viii)Research and development.
      (b) A description of the property.
      (c) The property's purchase price (if applicable).
      (d) The current fair market value.
      (e) How you acquired an ownership interest or claim in the property.
      (f) Your current ownership interest or claim in the property.
      (g) The identity of any third parties who possess or claim to possess an ownership interest in the property.
      (h) Any debts, liabilities, liens, or other encumbrances against the property.

      ANSWER:


14.    Identify all documents evidencing your interest in any and all intangible property, referenced in Interrogatory No. 13, above.

      ANSWER:

15.    Identify any safe deposit boxes you either rent or have access to currently or during the relevant time period, including:

(a)The name, address, and telephone number of the entity or person under whose name the safe deposit box is rented.
(b)The name, address, and telephone number of the financial institution or other entity at which the safe deposit box is located.
(c)A description of the contents of the safe deposit box from November 29, 2017 to the present.

ANSWER:


16.    As to each asset identified by you in response to these interrogatories, identify any third party that currently possesses, owns, or controls that asset, in whole or in part, such as:

(a) Corporate affiliates, subsidiaries, parent companies, partners, holding companies or any other related corporate entity.
(b) Banks, financial institutions, and brokerage firms.
(c) Accountants.
(d) Business partners.
(e) Friends, family members, and associates with whom you conducted business during the time period between November 29, 2017 and the present.
(f) Other individuals, institutions, and entities that hold your assets.

ANSWER:


17.    Identify the asset or assets possessed, owned, or controlled, in whole or in part, by the third parties referenced in Interrogatory No. 16, above.

ANSWER:

18.    Identify all documents evidencing the asset or assets possessed, owned, or controlled, in whole or in part, by the third parties referenced in Interrogatory No. 18, above.

ANSWER:

19.    Identify all transferees of any of your income or assets over the value of $500.00, in whole or in part, during the relevant time period, or that are transferees of an ownership interest in any of your income or assets over the value of $500.00 in whole or in part, during the relevant time period, including:
(a) Banks, financial institutions, brokerage firms, and investment firms.
(b) Accountants.
(c) Business partners.
(d) Friends, family members, and associates.
(e) Other individuals, institutions, and entities.

ANSWER:

20.    Identify the income or assets transferred to any third party, referenced in Interrogatory No. 19, above.

ANSWER:

21.    Identify all documents evidencing transfers of your income or assets to any third party, referenced in Interrogatory No. 20, above.

ANSWER:

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished this 29th day of October 2021, by email to all counsel of record.


*s/ Leonard M. Collins*
Attorney