UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GPDEV, LLC AND SIMONS
EXPLORATION, INC.,

        Plaintiffs,

Case No.: 4:18-cv-00442-RH-CAS

v.

TEAM SYSTEMS INTERNATIONAL,
LLC,

        Defendant.
_____/

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

The Plaintiffs', GPDEV, LLC and Simons Exploration, Inc., submits the following first interrogatory to the Defendant, Team Systems International, LLC, Pursuant to Fed. R. Civ. P. 33:

M. STEPHEN TURNER, P.A. (FBN 095691)      May 20, 2019
LEONARD M. COLLINS (FBN 423210)
JOSHUA P. BRIAN (FBN 84908)
NELSON MULLINS BROAD AND CASSEL
P.O. Drawer 11300 (32302)
215 South Monroe Street, Suite 400
Tallahassee, FL  32301
Telephone: 850.681.6810
Facsimile: 850.681.9792
stephen.turner@nelsonmullins.com
leonard.collins@nelsonmullins.com
joshua.brian@nelsonmullins.com
*Attorneys for Plaintiffs, GPDEV, LLC
and Simons Exploration, Inc.*

By /s/ Leonard Collins
   /Leonard M. Collins (FBN 423210)

## DEFINITIONS

1.   The terms "You" and "Your" refer to TEAM SYSTEMS INTERNATIONAL, LLC, including any agents, representatives, or attorneys of TEAM SYSTEMS INTERNATIONAL, LLC, and/or any other person acting for or on behalf of TEAM SYSTEMS INTERNATIONAL, LLC.

2.   "And" and "or," as well as the term "and/or" shall each be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatory any information that might otherwise be construed to be outside of its scope.

3.   "Any" shall include "all," and "all" shall include "any."

4.   "Including" shall be construed as "including but not limited to."

5.   The terms "relating to," "regarding," or "concerning" shall each mean, directly or indirectly, with respect to, referring to, mentioning, pertaining to, or in any way legally, logically, or factually connected with the subject matter discussed, whether in whole or in part.

6.   The term "document(s)" is used in its customarily broad sense as established in Fed. R. Civ. P. 34(a)(1), and shall mean all electronically stored information ("ESI"), writings or recordings of any kind, whether comprised of letters, words, numbers, pictures, sounds, or symbols, or any combination thereof, including without limitation the originals and all non- identical copies, whether

different from the original by reason of any notation made on such copies, any attachments to such copies, or otherwise, and including, but not limited to, correspondence, emails, memoranda, notes, records, letters, facsimiles, checks, invoices, worksheets, instant messages, bulletins, studies, analyses, contracts, agreements, reports and/or summaries, minutes or other memorializations of meetings and conferences, records of intra-office to inter-office telephone calls and messages, photographs, films, audio and video tapes, computer tapes, computer diskettes, data files, printouts, all other data compilations from which information can be obtained (translated, if necessary, by the responding party into usable form), together with any preliminary versions, drafts, annotated and otherwise non-identical copies of such documents.

7. The term "evidence" includes all individuals or entities with information, the substance of the information, and any documentary evidence.

8. The term "identify," when used in reference to:

    a. An individual, shall mean to state his or her full name and present or last known address, telephone number, e-mail address, present or last known position or business affiliation (designating which), and job description; and

    b. An entity, including any firm, partnership, corporation, proprietorship, or association, among others, shall mean to state its full name

3

and present or last known address (designating which), and to state the name and address of each person within the entity likely to have knowledge; and

    c.    A document, shall mean to describe the document by date and subject matter, identify the person or persons that authored, wrote, signed, initialed, dictated, or otherwise participated in the creation of the document, and identify the name, address, telephone number, and e-mail address of the person who has custody of the document.

9.    The term "person" shall refer to any natural person, corporate or other business entity, partnership, group, association, governmental entity, or any other legal or de facto organization, together with their officers, directors, employees, partners, agents, or other entities acting on their behalf.

10.    The time period covered by these interrogatories is from the last four (4) years to the present, unless stated otherwise.

## INSTRUCTIONS

1. For the convenience of the Court and all parties, please restate each Interrogatory immediately above your answer to that Interrogatory. Upon request, Defendant will submit a Word copy of these Interrogatories to opposing counsel to facilitate this request.

2. Please refer to the definitions provided herein when responding to these Interrogatories. The definitions are provided for purposes of clarity and conciseness. If there is any question with respect to the meaning of any phrase or word included in the discovery request, please contact the undersigned for clarification. By so doing, the parties will be able to move forward with discovery in an orderly and timely manner.

3. If you claim that any Interrogatory seeks information that is beyond the scope of permissible discovery, please identify and explain each and every ground on which such claim or objection rests with as much specificity as possible.

4. If you find any word or term stated in these Interrogatories to be vague, ambiguous, subject to varying interpretations, or unclear, please state what portion of the Interrogatory you find to be vague, ambiguous, subject to varying interpretations, or unclear, state your understanding of the Interrogatory or term, and respond in accordance with that understanding.

5.      If you decline to fully answer any of these Interrogatories or object on the basis of any asserted privilege, then please state in detail the nature of the privilege, all grounds relied upon to assert the privilege, and whether there are any documents or communications that may contain information responsive to the Interrogatory and whether you are withholding such documents or communications pursuant to the same asserted privilege.

6.      These Interrogatories shall be deemed continuing as to require prompt supplemental responses if new information is discovered or obtained at any time through the completion of trial.

## INTERROGATORIES

INTERROGATORY NO. 1: Identify all agreements and/or contracts, including any modifications thereof, between Plaintiff and Defendant.

RESPONSE:

INTERROGATORY NO. 2: Describe in detail the services you requested from Plaintiff.

RESPONSE:

INTERROGATORY NO. 3: Did Defendant receive the services identified in the previous interrogatory (Interrogatory No. 2)? If your answer is other than an unqualified "yes," state what was received, and specifically how the services received differed from those requested.

RESPONSE:

INTERROGATORY NO. 4: Describe in detail the business relationship between Plaintiff and Defendant.

RESPONSE:

INTERROGATORY NO. 5: If Defendant contends that it has fulfilled its obligations under the Contract, describe in detail the performance or tendered performance.

RESPONSE:

INTERROGATORY NO. 6: If Defendant contends that Plaintiff's performance under the Contract was otherwise deficient, describe in detail all facts supporting this contention.

RESPONSE:

INTERROGATORY NO. 7: Did Defendant notify Plaintiff of any reason why Defendant should not pay the debt? If so, identify all such communication(s).

RESPONSE:

INTERROGATORY NO. 8: Identify the amount, if any, which Defendant admits is owed to Plaintiff and the calculation used to determine the amount.

RESPONSE:

INTERROGATORY NO. 9: If it is Defendant's contention that it is not obligated to pay Plaintiff, describe in detail the factual and legal basis for this contention.

RESPONSE:

INTERROGATORY NO. 10: Describe in detail any aspect of the Contract you contend is ambiguous.

RESPONSE:

INTERROGATORY NO. 11: Explain why Defendant will not produce Prime Contract Task Orders, invoices and expense receipts and pertinent contracts and other records concerning TSI's Contract(s) with FEMA for the supply of bottled water so that Plaintiffs can determine what 25% of the net income TSI actually received from the amounts invoiced and paid by FEMA for the supply of bottled water (net income is defined in the contract between TSI and Plaintiffs as: gross revenue less the cost of goods sold and transportation and direct labor expenses) ?

RESPONSE:

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the original of the foregoing has been filed through electronic mail to the email address below, this 20th day of May, 2019.

Randall Leshin
Florida Bar No. 380253
RANDALL LESHIN, P.A.
1975 E. Sunrise Blvd., Ste. 504
Ft. Lauderdale, FL 33304
rleshin@leshinlawfirm.com
email@leshinlawfirm.com
Tel.: 954.941.9711; Fax: 954.941.9750

***Counsel for Defendant, Team Systems International, LLC***

                                           *s/ Leonard M. Collins*
                                           Attorney